George **WRIGHT**

v.

Anthony **YOUNG**, Acting Warden, Federal Correctional Institution, Danbury, Connecticut, and Neil Aiello, Records Officer, Federal Correctional Institution, Danbury, Connecticut.

No. B–77–294.

United States District Court, D. Connecticut.

Dec. 9, 1977.

George Wright, pro se.

Richard Blumenthal, U. S. Atty., Diana Garfield, Asst. U. S. Atty., New Haven, Conn., for defendant.

### MEMORANDUM OF DECISION

DALY, District Judge.

Petitioner, an inmate at the Federal Correctional Institution (FCI) at Danbury, seeks his immediate release. He contends that the due process rights guaranteed him by the Fifth Amendment are being violated and that he has been denied his right to a dispositional review of a detainer. Although there is some substance to this second claim, the petition is denied.

In August of 1975 petitioner was paroled with 1,933 days remaining on a seven-year sentence. While on parole he was convicted of two different crimes. In June of 1976 he pleaded guilty to a charge of unlawful possession of a dangerous drug, for which he received a nine-month sentence. In December of the same year he was convicted of possession of narcotics and sentenced to an additional thirteen-months.

As a result of the first conviction, a parole violator warrant was issued on August 16, 1976. The United States marshal was instructed to hold the warrant in abeyance until the disposition of the then pending charges of narcotics possession. On August 25, 1976 the warrant was lodged as a detainer at the District of Columbia jail. However, the Parole Commission did not learn that the detainer had been lodged until December 3, 1976.

After his first conviction petitioner was taken from the District of Columbia jail to begin serving his sentence at the Lewisburg Federal Penitentiary. Petitioner had been at Lewisburg only briefly when he was transferred to FCI at Danbury. When he arrived at FCI his record contained a notice that he was wanted for parole violation, but the file did not contain the parole violator warrant. Apparently, the warrant was lost in the bureaucratic maze somewhere between the District of Columbia jail and FCI. Ultimately, the Parole Commission forwarded the warrant in response to inquiries from FCI. On August 31, 1977, the mandatory release date for petitioner's narcotics offenses, the warrant was executed. Shortly thereafter a parole revocation hearing was held. This hearing resulted in revocation of petitioner's parole and petitioner's continued incarceration at FCI. In the early part of September petitioner filed a petition for a writ of habeas corpus with this Court.

■ Petitioner raises three legal issues in his petition. First, petitioner questions whether a parole violator warrant can be lodged as a detainer. It is well-settled that when a parolee has been convicted of a new crime while on parole and incarcerated for that crime, a parole violator warrant may be lodged as a detainer at the place of incarceration. 28 C.F.R. § 2.47(a) (1977).

■ The second issue raised by petitioner is whether the warrant was properly issued and executed. In the case of a parolee released pursuant to 18 U.S.C. § 4164, a parole violator warrant may be issued at any time within the parolee's maximum term of incarceration less 180 days. 28 C.F.R. § 2.44(c) (1977). The warrant was issued well within the seven-year term of imprisonment which ran from December 1973 to December 1980. Furthermore, the execution of a parole violator warrant may be delayed while the parolee serves an intervening sentence without violating the parolee's due process rights. *Moody v. Daggett,* 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The Court held in *Moody* that a parole violator's loss of a protected liberty interest occurs when the parolee is taken into custody under the warrant and not when the warrant is lodged as a detainer. *Moody v. Daggett, supra* at 87, 97 S.Ct. 274. Therefore, the one-year delay between the lodging of the warrant as a detainer and the execution of the warrant does not violate petitioner's due process rights. *See Rhodes v. U. S. Parole Commission,* No. B–77–249 (D.Conn. Dec. 1, 1977).

A third and more difficult question arises from the fact that the Parole Commission failed to make a timely review of the warrant lodged against petitioner. The controlling regulation requires the regional Parole Commissioner to review a warrant lodged as a detainer within 180 days of the date notice is received of the detainer. 28 C.F.R. § 2.47(a) (1977). The warrant was lodged on August 25, 1976 and the Commission learned of this fact on December 3, 1976. Therefore, the dispositional review should have been held on or before June 1, 1977. On May 5, 1977, the Commission sent petitioner the necessary forms for implementing a dispositional review. These forms were sent to the District of Columbia jail. On May 31 the Commission was informed petitioner had been transferred to FCI and the forms would be forwarded to him. Whether petitioner ever received these forms is unclear. It is only certain that the Commission's file does not reflect any response from petitioner. The warrant which had been lodged as a detainer was executed on August 31, 1977 and a parole revocation hearing was held on October 17, 1977. Although a dispositional review of the detainer was never held, the bases for the warrant were examined thoroughly at the parole revocation hearing. In this situation, the need for a dispositional review was obviated by the parole revocation hearing. However, the operative fact remains that petitioner did not receive an examination of the warrant lodged against him until four months after the deadline for the dispositional review.

Judge Newman quite recently ruled on a similar habeas corpus petition in *Rhodes v. U. S. Parole Commission, supra. Rhodes*

also involved a situation in which the Commission made a good faith effort to hold the dispositional review within the 180 day limitation. As in the instant case, the prisoner was sent the forms for initiating the review in a timely manner, but the review was delayed, in part, by the fact that these forms were mistakenly sent to a prison from which the prisoner had been transferred. Moreover, the petitioner in *Rhodes* did not allege that the delay in holding the dispositional review affected the outcome of the review. Given the Commission's good faith and the absence of resultant prejudice to the prisoner, Judge Newman held that a two-month delay in holding the dispositional review was not sufficient grounds for quashing the detainer.

■ The instant case involves a delay of four-months from the deadline for the dispositional review to the date of petitioner's parole revocation hearing. Significantly, there is neither evidence of bad faith on the part of the Commission, nor evidence that the delay prejudiced petitioner. It is also clear from the facts in this case that the dispositional review would not have resulted in a lifting of the detainer. Under these circumstances the Commission's failure to make a timely review of the detainer is excusable. *See Shelton v. Taylor,* 550 F.2d 98, 103 (2d Cir. 1977).

It is apparent that the Parole Commission might be more conscientious about assuring that prisoners receive the dispositional review mandated by 28 C.F.R. § 2.44(c) (1977). One hundred and eighty days seems ample time to review a detainer. By this decision, the Court in no way intends impliedly to approve of past or future laxness. However, the error here does not warrant the issuance of a writ. THEREFORE, the petition is denied.