**Charles Curtis HARRIS,
Petitioner-Appellant,**

v.

**Irl DAY, Warden; United States Parole
Commission, Respondents-Appellees.**

No. 79–1968.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 30, 1981.

Decided March 16, 1981.

John W. Hornbeck, Boulder, Colo., for petitioner-appellant.

Robert S. Streepy, Asst. U. S. Atty., Topeka, Kan. (James P. Buchele, U. S. Atty., Topeka, Kan., and Joseph A. Barry, General Counsel, Michael A. Stover, Atty., U. S. Parole Commission, Washington, D. C., with him, on brief), for respondents-appellees.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The petitioner-appellant here seeks relief from various orders of the United States Parole Commission and also asserts that error has been committed in not providing him with counsel at all of the hearings. He was sentenced to ten years in prison for selling narcotics on April 30, 1968. Mandatory release occurred on April 9, 1974, and he then had 1,474 days remaining to be served on his original sentence. He was to remain in the jurisdiction of the Parole Commission until October 24, 1977.

Appellant's trouble commenced when he was arrested November 23, 1975, on a burglary charge in Oklahoma, where he was detained by state authorities. As a result of this incident a parole violation warrant was issued and lodged as a detainer on December 5, 1975. It cited traffic violations, possession of marijuana and burglary as grounds. There was a supplement on November 3, 1976, that stated, in addition, that appellant had committed grand larceny in Oklahoma. Appellant entered a plea of guilty to that charge, and on March 11, 1976 he was sentenced to three years imprisonment in an Oklahoma institution.

There was no hearing conducted by the federal parole authorities during the period appellant was serving time on the state charge in Oklahoma. A detainer was placed against the appellant on January 17, 1977, and the warrant was executed on October 3, 1977.

Appellant was committed to the United States Penitentiary at Leavenworth, Kansas. The appellant's mandatory release was revoked and his good time was forfeited by the United States Parole Commission on December 9, 1977. At that time no credit was given for the time appellant had spent on parole or for time that he had served in the Oklahoma State prison. His request to the United States District Court for the District of Kansas for appointment of counsel at that hearing was denied, and so appellant was not represented by counsel at the revocation hearing.

Following his exhaustion of remedies, appellant filed a habeas corpus petition in the United States District Court for the District of Kansas, alleging that he was entitled to but denied credit for time spent on parole under 18 U.S.C. § 4210. Further, appellant alleged that he had a right to counsel at the parole revocation hearing in accordance with 18 U.S.C. § 4214(b)(1), 3006A(g). Appellant maintained that if credit were given for the time spent on parole, the Parole Commission's jurisdiction over appellant had terminated under 18 U.S.C. § 4210(b).

The Parole Commission's motion for summary judgment in response to defendant's habeas corpus petition was granted. The District Court for the District of Kansas held that no genuine issue as to any material fact was present. The appellant has appealed from that judgment.

## I.

*Did the district court err in denying appellant's request for appointment of counsel for the parole hearing?*

(Defendant is represented by counsel in this court.)

On November 29, 1977 the United States District Court for the District of Kansas denied Harris' request for appointment of counsel to represent him at the parole revocation hearing. There was ample case support for this ruling at the time, since cases which had interpreted 18 U.S.C. § 4214, 3006A, had held that the courts have discretion in determining whether to appoint counsel in parole revocation matters. However, in 1978, this court, in *Baldwin v. Benson*, 584 F.2d 953 (10th Cir. 1978), held that § 4214 does give the parolee a statutory right to appointment of counsel for parole revocation proceedings, unless he waives the right. Appellant contends that that ruling was intended to be applied retroactively for his benefit. The trial court in the habeas corpus proceeding disagreed, and refused to hold that appellant was entitled to a new revocation hearing with the assistance of appointed counsel. This is the question which we must consider.·

The district court in the present proceedings applied the test set forth in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973) in its consideration as to whether new legal precedent ruling that a parolee is entitled to counsel at a revocation hearing should be applied retroactively in this case. Under that test three factors are considered: (1) the purpose to be served by the new standard; (2) the extent of the reliance upon the old standard, and (3) the effect on the administration of justice of the retroactive application of the new standard. The district court held that none of the factors weighed in favor of retroactive application of the holding in *Baldwin*. It is appellant's contention, however, that this test should not apply in the instant case, since the Supreme Court decisions involved the retroactivity of newly announced standards of constitutional protection, whereas the present case involves construction of a statute which appellant contends had prospective application from its effective date. We must disagree with the appellant's contention.

The criteria which are set forth in *Stovall* and *Michigan*, supra, for determining whether new legal precedents should be applied retroactively, apply to non-constitutional decisions concerning statutory interpretation, as well as to constitutional questions. *Halliday v. U. S.*, 394 U.S. 831, 833, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16, rehearing denied 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969), was concerned with retroactive application of *McCarthy v. U. S.*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), where the Supreme Court interpreted Rule 11 of the Federal Rules of Criminal Procedure. *Lawary v. United States*, 599 F.2d 218 at 223 (7th Cir. 1979) involved retroactive application of *Dorszynski v. U. S.*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), where the Supreme Court held that if an eligible defendant is denied sentencing under the Youth Corrections Act, the court must make an explicit finding that he would derive no benefit from sentencing under that Act. *Bailey v. Holley*, 530 F.2d 169, 173 (7th Cir. 1976), cert. denied 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116, considered the retroactive application of the court's holding that the Administrative Procedures Act required the Board of Parole to supply a statement of reasons for denying a federal prisoner's written parole application. Thus, the test applied by the district court in the instant case was correct.

The appellant does not contest the manner in which the district court applied the retroactivity test. He merely maintains that this test should not be applied when the issue is one of statutory interpretation. Therefore, since the district court applied the correct test, we see no need to go into detail as to the court's findings. It is sufficient to say that we agree with the district court's determination and its finding that after consideration of the three prongs of the retroactivity test, none of the three speak out in favor of a retroactive application of the holding in *Baldwin*.

The trial court considered in some detail the three prong test applicable to retroactivity. As to the first test, the trial court

found that appellant had not been denied due process, inasmuch as he had not contested the facts relating to whether he had violated parole. Appellant did not claim the existence of justification nor did he assert mitigating circumstances, and he did not make a showing of inability to speak for himself.

As to the second prong of the test, the trial court recognized that the extent of the reliance upon the old standard is well known, in that case law applying the old standard is abundant. Accordingly, the district court stated that the United States Parole Commission acted in good faith in applying the old standard, and in holding a revocation hearing in which the appellant was not represented by counsel.

As to the third standard of the test, it was concluded by the trial court that if this case were to be remanded for hearing requiring representation by counsel, there is no doubt but that the result would be the same, since the appellant's conviction in Oklahoma while on mandatory parole would be introduced into evidence and his parole would be revoked regardless of the presence of an attorney, inasmuch as there is no claim of mitigating circumstances.

Furthermore, the court noted that if the rule were applied retrospectively upon the Parole Commission, the court would have to rescind its order denying counsel, appoint counsel, and the Commission would be required to conduct revocation hearings in all such cases which have arisen since the effective date of 18 U.S.C. § 4214. The court added that since the Act became effective "the denial of appointment of counsel has occurred in 84 similar cases in this district alone."

 We are in agreement with the decision of the district court that in applying the three prong test of *Stovall v. Denno* and *Michigan v. Payne*, the rule of *Baldwin* need not be applied retroactively.

Our holding is in substantial accord with the Supreme Court's decisions limiting the retroactive effect of rulings which have expanded the due process protection in prison

disciplinary proceedings and parole matters. See *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Morrissey v. Brewer*, 408 U.S. 471, 490, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). This court has previously followed that reasoning in denying retroactive effect to our decision that under the Administrative Procedure Act, 5 U.S.C.A. § 555(e), a brief statement of grounds for denial of parole must be given a parole applicant. *Mower v. Britton*, 504 F.2d 396 (10th Cir. 1974).

## II.

*Was appellant entitled to have credit for the time he spent on parole?*

The Parole Commission, pursuant to 18 U.S.C. § 4210(b)(2), denied credit to the appellant for any time spent between the dates of his original mandatory release (April 9, 1974) and the execution of the parole violator warrant (October 3, 1977). Under the Parole Commission's order, therefore, appellant had to commence service of the 1,474 days remaining on the unexpired term of his narcotics conviction on October 3, 1977. There is an element of unfairness in denying credit for the time spent after the issuance of the warrant by the Parole Commission. This is because a defendant frequently does not have a hearing until the defendant has served his time in the state court, and that is what happened here. Under the Parole Commission's order appellant had to recommence service of the 1,474 days remaining on the unexpired term of his narcotics conviction on October 3, 1977. The record shows that the appellant is now in the jurisdiction of the Parole Commission until April 18, 1981 (two months from now).

In concluding that there is no issue of material fact to be resolved, the district court analyzed § 4210(b)(2) to determine whether that statute was correctly interpreted by the Parole Commission. Section 4210(b)(2) reads as follows:

(b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of expiration of

the maximum term or terms for which he was sentenced, except that—

(2) in the case of a parolee who has been convicted of a Federal, State or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of Section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service, *together with such time as the parolee has previously served in connection with the offense for which he was paroled*, be longer than the maximum term for which he was sentenced in connection with such offense. (Emphasis supplied.)

Appellant argues that the quoted § 4210(b)(2) requires the Commission to deduct from his unexpired term of 1,474 days all the time he served on mandatory release. He maintains that the term "such time as the parolee has previously served" in § 4210(b)(2) includes the time he spent on parole prior to the Oklahoma conviction, and the time he spent in state custody on the Oklahoma charge. The district court held that the phrase refers only to the time served before appellant was released from prison on the original sentence. The district court held that this interpretation was supported by the legislative history of § 4210(b) and by 28 C.F.R. § 2.52(c), the corallary regulation promulgated by the Commission.

The district court was correct in its reliance on the fact that the legislative history of Parole Commission and Reorganization Act of 1976 clarifies the meaning of § 4210 in the following manner:

This subsection also provides that an individual whose parole has been revoked upon conviction of any new criminal offense that is punishable by a term of detention, incarceration or imprisonment in any penal institution *shall receive no credit for service of his sentence from the day he is released on parole until he either returns to federal custody following completion of any sentence of incarceration or upon the Commission determining that the sentence run concurrently with any new sentence that may have been imposed,* pursuant to Section 4214(b) or (c) of this Act * * *.

House Conference Report No. 94–838, Joint Explanatory Statement of the Committee of Conference, at Page 32. See 2 U.S. Code Congressional and Administrative News at 335, 351, 364 (1976) (Emphasis supplied.)

Moreover the district court noted that 28 C.F.R. § 2.52(c) provides that:

(2) If the parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by a term of imprisonment, *forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence.* An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. (Emphasis supplied.)

Appellant argues that this regulation contravenes the plain language of § 4210, and according to *Geraghty v. United States Parole Commission,* 579 F.2d 238 (3d Cir. 1978), vacated on other grounds, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the 1976 Act did not authorize the Commission to assume legislative and judicial functions in contradiction of the statute's plain language. We must disagree with this argument, however.

■ The plain language of § 4210 is that the measure of time remaining on the defendant's original sentence, after the defendant's conviction of a second crime punishable by imprisonment, is the unexpired term remaining to be served by the defendant at the time the defendant was paroled. The statute does not say that the measure

of time remaining on the defendant's original sentence is the time remaining to be served on that sentence at the time of defendant's arrest for the second crime. Thus, the Commission can decide whether any or all of the 1,474 days of unexpired time remaining on appellant's original sentence at the time appellant was mandatorily released should run concurrently or consecutively with the sentence imposed by the court for the second crime.

The Commission acted according to the plain language of the statute when it determined that the unexpired term of 1,474 days was to run consecutively, rather than concurrently, with the sentence imposed by the Oklahoma court. The statute specifically says that the measure is the unexpired term being served at the time of parole.

■ True, the regulation does not specify that the Commission has the discretion to determine whether the unexpired term time remaining on the appellant's sentence is to run concurrently or consecutively with the sentence imposed for the second offense. The regulation cannot contradict the statute and thereby deprive a parolee of his statutory right to an individual determination of the matter. That is, the Parole Commission must determine on a case to case basis whether the sentence should run concurrently or consecutively. It is to be noted, however, that while § 4210(b) allows the Commission to make the choice between concurrent and consecutive running of the old sentence with the new sentence, it does not dispense with the unexpired term altogether. Therefore, the parolee who has been convicted of a new crime automatically forfeits the time he spent on parole, and a determination is to be made whether that time is to be served again concurrently or consecutively with the time spent serving the second sentence. Again, regarding the forfeiture language, the regulation is not out of tune with the language of the statute. So, *Geraghty* does not apply to this case. See also, *Moore v. Nelson*, 611 F.2d 434, 438 (2d Cir. 1979), where the Second Circuit disagreed with the court's conclusions in *Geraghty* and found that the Parole Commission had not intruded upon legislative functions in enacting the parole guidelines.

Contrary to the contention that the district court utilized the regulation to contradict the plain meaning of the statute, the court did not determine that the sentences were automatically to run consecutively rather than concurrently. The court merely cited the regulation as a method of clarifying the meaning of the phrase, "such time as the parolee had originally served." The regulation served to show that the time in question referred to the time from the date of the appellant's release on the first sentence to the date of execution of the parole warrant.

The district court did not err, therefore, in determining that the Parole Commission acted within its authority in denying appellant credit for the time spent on parole. The court correctly interpreted the meaning of the statutory language.

### III.

*Did the delays which arose from the detainer and appointment of counsel for dispositional hearing prejudice the appellant to such an extent that he is entitled to be released from the jurisdiction of the Parole Commission?*

The argument by appellant is that the combined delay in filing the detainer against appellant from December 5, 1975 to January 17, 1977, and the delay in obtaining appointed counsel for the dispositional hearing from January 17, 1977 to September 27, 1977, prejudiced his prospects for earlier relief, and as a result he is now entitled to be released from the jurisdiction of the Parole Commission.

■ This contention was not specifically raised in the district court. However, it was addressed by the appellees in their memorandum in support of the motion for summary judgment, and it is directly related to the issue of whether the Commission satisfied the requirements of 18 U.S.C. § 4210(b)(2), that it "shall determine, in accordance with the provisions of § 4214(b)

or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense," and should be considered herein. Additionally, while this court will not consider matters which were not presented to the trial court, but which were raised for the first time on appeal to this court, *United States v. Immordino*, 534 F.2d 1378 (10th Cir. 1976), in exceptional cases where a question of law is raised, the court will consider that question if such is necessary to prevent manifest injustice. *Gomes v. Williams*, 420 F.2d 1364 (10th Cir. 1970). In the *Gomes* case, the question first raised on appeal was whether appellant's due process rights were violated by the appellee's failure to serve notice on appellant under the Federal Rules of Civil Procedure 55(b). Because of due process implications this court agreed to decide the merits of that question. The instant case involves a similar situation, and to avoid manifest injustice this court should consider the merits of this due process challenge.

The thrust of § 4214(b)(1) and (2) is that where there has been a conviction for a federal, state or local crime committed subsequent to release on parole, probable cause exists for purposes of subsection (a). In that type of case, where a parolee has been convicted of such a crime and is serving a new sentence, a parole revocation warrant or summons issued pursuant to 4213 may be placed against him as a detainer. But such detainer is to be reviewed (and this is the important part) by the Commission within 180 days of notification to the Commission of placement. The statute goes on to say that the parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and unless waived, shall have counsel as provided in subsection (a)(2)(B). Subsection (2) provides that if the Commission determines that additional information is needed to review a detainer, a dispositional hearing may be held at the institution where the parolee is confined. The parolee shall have notice of such hearing, be allowed to appear and testify on his own behalf and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section.

■ The appellant contends that this statute confers a clear right to a dispositional hearing with counsel present, and that due to the aforementioned delays, he was denied that right. Appellant urges that he should, therefore, be released from the jurisdiction of the Parole Commission, or at least be granted a new revocation hearing with counsel present. In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) the Supreme Court held that the Parole Commission may lawfully delay execution of a parole violation warrant until the parolee completes an intervening sentence. Therefore, the Commission was justified in not filing the detainer against appellant until January 17, 1977, and appellant's first claim of error due to delay is without merit.

■ The remaining question is whether the appellant is entitled to relief as a result of a delay in obtaining counsel for the dispositional hearing, and the resulting lack of such a hearing.

The right to a dispositional hearing is statutory, not constitutional, and appellant has not established that he was prejudiced as a result of the loss of that right. In other words, would appellant's release have been accelerated if there had been a dispositional hearing within 180 days? We recognize that it would be impossible for the defendant to prove that he would have received relief at the dispositional hearing. He doesn't know what relief he would have received until he attends such a hearing. Under § 4214(b)(3) the Commission determines at the dispositional hearing whether to let the detainer stand or to withdraw the detainer, but it cannot be predicted whether the Commission would or would not have granted appellant relief at the dispositional hearing.

This court has required a showing of prejudice where there has been a delay in holding a parolee's parole revocation hearing

after execution of a parole warrant. See *McNeal v. U. S.*, 553 F.2d 66, 68 (10th Cir. 1977). In that case it was said:

> * * * delay, per se, does not constitute a violation of due process entitling an accused parole violator to immediate release where the parolee has finally been afforded a revocation hearing, and the facts of the violation have been fairly adjudicated. For a parolee to establish a legal right to habeas corpus relief, the delay, taking into consideration all of the circumstances, must also be prejudicial. (Citations omitted.)

The facts of *McNeal* are different from the case at bar. In the case at bar, no dispositional hearing was conducted; only a revocation hearing was conducted. However, the same necessity for a showing of prejudice would seem to apply. The only possible prejudice which appellant claims to have suffered was loss of an opportunity for the imposition of a concurrent sentence of his parole term with his Oklahoma state sentence. However, the possibility that he could have obtained a sentence to run concurrently was remote.

A similar complaint was made in *Wright v. Young*, 443 F.Supp. 617 (D.C.Conn.1977) where under comparable circumstances a parolee was denied a dispositional hearing prior to his revocation hearing after a parole violation warrant was executed upon completion of defendant's intervening sentence. The court held that since there was no evidence of bad faith on the part of the Commission, nor evidence that the delay prejudiced the defendant, and since it was clear that the dispositional review would not have resulted in a lifting of the detainer, the error was excusable, and did not entitle the parolee to immediate release. Similarly, in the instant case, no bad faith was shown on the part of the Commission, and the appellant made no showing of prejudice. But to claim that the result would definitely have been no different had a dispositional hearing been held is speculation.

The legislative history of the Parole Commission and Reorganization Act indicates that at least where there is a delay in holding parole revocation hearings, the parolee's release from custody is not contemplated. The remedy is for the parolee to compel the decision through an action in mandamus. See *Smith v. United States*, 577 F.2d 1025, 1028 (5th Cir. 1978), citing 122 Congressional Record § 2572 (daily edition March 2, 1976) (remarks of Sen. Burdick), and 122 Congressional Record H1499, 1500 (daily edition March 3, 1976) (remarks of Rep. Kastenmeier). We hold that this same principle must apply herein, and thus, appellant is not entitled to be released from custody.

## IV.

*Are the other two issues that are raised on appeal which were not raised below to be considered?*

Those contentions are: (1) That the court improperly considered the May, 1976 grand larceny conviction included in the supplement to the parole violation warrant, since it was allegedly added by a case analyst and not made a part of the original warrant by a Commission member; (2) That 18 U.S.C. § 4210(b) is an ex post facto law, since it resulted in an alleged increase in appellant's sentence.

We see no basis for considering these matters which were not presented to the trial court, and hence, we will not examine their merits.

In closing we wish to add that the Commission's actions in postponing hearings in order to add to the sentence creates some reluctance to affirm. We are constrained, however, to do so, because no prejudice is shown.

Affirmance is ordered.