Wayne Hunter CARLTON,
Petitioner-Appellant,

v.

Thomas F. KEOHANE, Warden, Federal
Correctional Institution, Miami, Florida,
and the United States Parole Commis-
sion, Respondents-Appellees.

No. 81–6040

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1982.

Neil H. Jaffee, Asst. Federal Public De-
fender, Miami, Fla. (Court-appointed), for
petitioner-appellant.

Mark A. Cohen, Maria P. Sperando, Asst.
U. S. Attys., Miami, Fla., for respondents-
appellees.

Before RONEY, VANCE and ANDER-
SON, Circuit Judges.

PER CURIAM:

We affirm the district court's denial of
this federal prisoner's petition for a writ of
habeas corpus. While incarcerated for one
crime, petitioner, on parole from another
crime, had a parole violation warrant
lodged against him as a detainer at the
penitentiary where he was confined. Con-
trary to federal law, the Parole Commission
failed within 180 days to review the detain-
er and provide petitioner with notice and an
opportunity to submit written information
prepared with the assistance of counsel.
Prior to his scheduled date for release from
prison, however, the Commission held a
proper hearing, with notice to petitioner
and his counsel, and revoked his parole.

Focusing on the Commission's fail-
ure to abide by the statutory time limit for
review of detainers, petitioner sought three
forms of relief. First, he asked for the
removal of the detainer. As the district
court concluded, the writ is moot as far as
this form of relief is concerned. The Com-
mission executed the detainer warrant and
thereby removed the detainer on the date
of petitioner's scheduled release from prison
on his second sentence.

Second, petitioner sought day-for-day
credit on the parole violation sentence for

time served on his second sentence after the Commission failed to act within the time required. Petitioner claims that, had the Commission reviewed his detainer in a timely fashion, he might have been allowed to serve the parole violation time concurrently with the second sentence he was then serving. According to petitioner, the failure to review the detainer until the end of that sentence foreclosed this possibility. This argument overlooks the fact that the Commission, when the hearing was finally held, could have revoked parole retroactively and provided the equivalent of concurrent sentences by giving petitioner credit for time served and releasing him immediately. *Moody v. Daggett,* 429 U.S. 78, 87, 97 S.Ct. 274, 278, 50 L.Ed.2d 236 (1976). Thus the Commission had the power to grant the same relief that petitioner asserts he lost because of the failure to review his detainer earlier. *Cf. Harris v. Day,* 649 F.2d 755, 761–62 (10th Cir. 1981) (citing the apparent lack of prejudice in denying any relief for the failure to hold a timely dispositional hearing). Therefore the failure to give a prompt revocation hearing did not deprive petitioner of that which he seeks.

■ Finally, petitioner sought immediate release from the prison where he is serving his term for parole violation. The right to Commission review of a detainer within 180 days of Commission notice of the parole violation warrant is found in a federal statute, not the Constitution. 18 U.S.C.A. § 4214(b)(1); *see Harris v. Day,* 649 F.2d at 761. The remedies for failure to review a detainer in a timely manner are those arising under the statute. In the absence of prejudice or bad faith on the part of the Commission, immediate release from custody is not available for violation of 18 U.S.C.A. § 4214(b)(1). *Lambert v. Warden, U.S. Penitentiary,* 591 F.2d 4, 7–8 (5th Cir. 1979).[1] *Cf. Smith v. United States,* 577 F.2d 1025, 1028–29 (5th Cir. 1978) (adopting same rule for violation of 18 U.S.C.A. § 4214(c) by failing to conduct a timely

parole revocation hearing). No bad faith is shown in this record. The appropriate remedy for a default by the Commission is a writ of mandamus to compel compliance with the statute. *Lambert,* 591 F.2d at 7. Any procedural error that might be subject to mandamus, however, has been cured by the parole revocation hearing which occurred after proper notice and in accord with constitutional requirements. *Cf. Wright v. Young,* 443 F.Supp. 617, 618–19 (D.Conn.1977) (subsequent parole revocation hearing remedied any error in failure to provide an earlier dispositional hearing).

AFFIRMED.

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the deci-

sions of the former Fifth Circuit decided prior to October 1, 1981.