Dale H. SUTHERLAND, Appellant,

v.

Cecil McCALL, Chairman, United States Parole Commission, Appellee.

No. 82–2149.

United States Court of Appeals, District of Columbia Circuit.

Argued April 15, 1983.

Decided June 10, 1983.

---

Palmer Singleton, Washington, D.C., for appellant.

Michael A. Stover, Atty., Dept. of Justice, of the Bar of the District of Columbia, Washington, D.C., pro hac vice, by special leave of the Court, with whom Stanley S. Harris, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee. John R. Fisher, Asst. U.S. Atty., also entered an appearance for appellee.

Before BORK, Circuit Judge, MacKIN-NON, Senior Circuit Judge, and FAIR-CHILD,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion for the Court filed by Senior Circuit Judge FAIRCHILD.

FAIRCHILD, Senior Circuit Judge:

Sutherland appeals from the District Court's order and memorandum denying his petition for a writ of *habeas corpus* as to one of several criminal sentences he is presently serving under parole supervision.[1]

Sutherland was sentenced March 25, 1973, to imprisonment for ten years. He was

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Sutherland's original *pro se* petition was summarily dismissed by the district court. This court reversed and remanded the case with instructions to appoint counsel and to order the Parole Commission to respond. On remand the district court considered an amended petition, supporting and opposing memoranda, and the oral arguments of counsel.

paroled November 15, 1976.[2] On September 26, 1977, while he was still on parole, Sutherland pleaded guilty to possession of counterfeit plates. Sentencing was scheduled for November 7, 1977. On October 25, 1977, the Parole Commission issued a parole violation warrant with an accompanying instruction that if Sutherland were to be committed on a new federal charge, the warrant should not be executed, but the warrant should in such case be lodged as a detainer. On November 5, 1977, two days before sentencing, police, knowing of the parole violation warrant, but unaware of the instruction, arrested Sutherland. On November 7, 1977, Sutherland was sentenced to ten years imprisonment, to run concurrently with prior sentences (later reduced to five). On May 16, 1978, Sutherland received a two to six year sentence, also concurrent, for a third offense.

The Parole Commission, unaware that its parole violator's warrant had apparently been executed, lodged it as a detainer and held no hearing thereon until July 25, 1980. The Commission then revoked parole, but in response to Sutherland's claim that the warrant had been executed on November 5, 1977, the Commission determined that the running of the remainder of the 1973 sentence would be deemed to have commenced on that date.[3]

▪ The Commission argues that, under the circumstances, the arrest on November 5, 1977, did not constitute execution of the warrant. *Saylor v. U.S. Board of Parole,* 345 F.2d 100 (D.C.Cir.1964). Assuming, but not deciding that it did, we address the issue on appeal as whether a thirty-three month delay between Sutherland's arrest on the Commission's parole violator's warrant and his subsequent revocation hearing requires the termination of Sutherland's status as a parolee on the 1973 sentence.[4]

▪ Anyone taken into custody by a parole violator's warrant must "receive a revocation hearing within ninety days." 18 U.S.C. § 4214(c) (1976). On the assumption that the warrant had been executed, the Commission's thirty-three month delay in holding a revocation hearing in this case constituted a violation of that statute. The appropriate remedy for a § 4214 default, however, is a writ of *mandamus* to compel the Commission's compliance with the statute not a writ of *habeas corpus* to compel release on parole or to extinguish the remainder of the sentence. *See Carlton v. Keohane,* 691 F.2d 992, 993 (11th Cir.1982); *Harris v. Day,* 649 F.2d 755, 762 (10th Cir. 1981); *Northington v. U.S. Parole Comm'n,* 587 F.2d 2, 3 (6th Cir.1978) (citing 122 Cong. Rec. H1500 daily ed. (March 3, 1976) (remarks of Rep. Kastenmeier) and 122 Cong. Rec. S2573 daily ed. (March 2, 1976) (remarks of Sen. Burdick)). The Commission has complied, although thirty months late, with the hearing requirement of § 4214 (c).

▪ *Habeas* relief pursuant to constitutional due process protections recognized in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), is only available where a petitioner establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial. *See Carlton,* 691 F.2d at 993; *Goodman v. Keohane,* 663 F.2d 1044, 1046 (11th Cir.1981); *Northington,* 587 F.2d at 4. The district court concluded that any delay over ninety days provided by § 4214(c) was unreasonable, but held that the Commission's delay in holding a revocation hearing was not prejudicial where Sutherland was under custody on other criminal sentences for all

2. Time served approximated 3 years, 7 months and 21 days.

3. The remaining portion of the 1973 sentence of 6 years, 4 months and 9 days would thus begin to run on November 5, 1977, and terminate approximately on March 14, 1984.

4. Sutherland's other sentences will keep him on parole 59 days beyond the statutory termination of the 1973 sentence at issue here. Respondent argues that it is therefore within our discretion to declare this case moot; at oral argument petitioner's counsel countered by suggesting that the 1973 sentence may have detrimental effects on Sutherland's eligibility for early parole termination. We find the possibility of negative collateral effects barely sufficient to justify our addressing the merits of the dispute.

but the first two days of the thirty-three month delay and was ultimately given full credit for the time served from the day of arrest. We agree no prejudice was shown.

 Sutherland does not offer proof, nor does the record suggest, that the delay prejudiced his defense at the revocation hearing. Instead, petitioner argues that a thirty-three month delay is so extreme that it requires *habeas* relief *per se,* or at least shifts the burden to respondent to show a lack of prejudice. We find no support for either requirement, particularly where, as here, petitioner failed to avail himself of his basic remedy under § 4214(c) by demanding a hearing once the ninety days had elapsed.

Sutherland does contend that the delay harmed him in two specific ways: by causing anxiety and affecting his eligibility for rehabilitative programs while in prison on the other offenses. Whether or not these concerns may constitute constitutionally protected due process interests in an extreme case, they do not rise to that level generally. *Cf. Moody v. Daggett,* 429 U.S. 78, 85–88, 97 S.Ct. 274, 277–279, 50 L.Ed.2d 236 (1976) (petitioner, imprisoned for crimes committed while on parole, not constitutionally entitled to immediate parole revocation hearing though Commission lodged warrant as detainer). Even acknowledging that, unlike *Moody,* Sutherland was arrested on the parole violator's warrant, he has not met his burden of establishing actual prejudice arising out of the Commission's delay. *See Harris v. Day,* 649 F.2d at 761–62.

For the reasons discussed, the judgment of the district court is affirmed.