779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUIS B. SIMULIS, Petitioner-Appellant,
v.
CALVIN EDWARDS, Respondent-Appellee.
 85-1349
 United States Court of Appeals, Sixth Circuit.
 10/2/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: LIVELY, Chief Judge; CONTIE, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order denying his habeas corpus petition brought under 28 U.S.C. Sec. 2241. Petitioner now moves for in forma pauperis status and appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of petitioner's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was sentenced to six years in February 28, 1975, for the federal offense of possession of an unregistered gun. He was paroled on December 8, 1976, with 1,541 days remaining on his sentence. While on parole, petitioner was charged by the State of Illinois with armed robbery and assault. The Commission issued a parole violator warrant against petitioner on September 15, 1978, based on the state charges. The United States Marshal's Service was instructed to place the warrant as a detainer and execute it when petitioner was released from state custody. Petitioner pleaded guilty to the state charges and was sentenced to ten years on August 31, 1979. As part of the plea agreement, the state sentence was to run concurrently with the federal gun charges. However, petitioner was incarcerated in a state rather than a federal facility. The United States Parole Commission (the Commission) notified petitioner by letters dated November 30 and December 8, 1981, that a parole revocation hearing would be held shortly. The parole revocation hearing was held on December 22, 1981. On January 20, 1982, the Commission issued a notice of action ordering petitioner's parole revoked, commencement of the unexpired portion of the original sentence upon his release from his state sentence or upon state parole, and continued incarceration until expiration of the violator term, with the condition of alcohol aftercare. This action was upheld by the Regional Parole Commission and National Appeals Board. It is not clear from the record when petitioner was transferred from state to federal custody, but petitioner claimed that his state sentence was fully served before he was transferred to federal custody to serve the parole revocation sentence. Petitioner alleged in his petition that the Commission improperly delayed his parole revocation hearing, causing him to serve his state and federal sentences consecutively rather than concurrently, and failed to timely notify him of his dispositional review and parole revocation hearing. We affirm the district court's denial of the petition.
 
 
 3
 In his first claim, petitioner argues that under 28 C.F.R. Sec. 2.47 (1980), the Commission was required to hold his parole revocation hearing within 18 months of commencement of his state sentence. See also 18 U.S.C. Sec. 4214. Petitioner is correct that the Commission failed to conduct a timely revocation hearing under the 1980 regulation. Assuming that the 1980 regulation applies, petitioner is not entitled to habeas corpus relief on this ground. Delay in holding the revocation hearing until the parolee has served the intervening sentence does not deprive a parolee of constitutionally protected rights. Moody v. Daggett, 429 U.S. 78 (1976); Harris v. Day, 649 F.2d 755 (10th Cir. 1981); Kenner v. Martin, 648 F.2d 1080 (6th Cir. 1981). Likewise, a parolee is not entitled to habeas corpus relief when the Commission has failed to hold the revocation hearing within the statutory time limits unless he can show both unreasonable delay and prejudice severe enough to render the revocation hearing inadequate. Northington v. United States Parole Commission, 587 F.2d 2 (6th Cir. 1978); accord Berg v. United States Parole Commission, 735 F.2d 378 (9th Cir. 1984); Hopper v. United States Parole Commission, 702 F.2d 842 (9th Cir. 1983); Sutherland v. McCall, 709 F.2d 730 (D.C. Cir. 1983); Beck v. Wilkes, 589 F.2d 901 (5th Cir.), cert. denied, 444 U.S. 845 (1979).
 
 
 4
 Petitioner claims he was prejudiced by the delay because his state sentence should have run concurrently with his reinstated federal sentence. Petitioner claims that his state plea bargain provided that the sentences run concurrently. He also claims that the Commission's delay prevented him from obtaining relief through the state courts because he was unaware that his state and federal sentences were not running concurrently until the parole revocation hearing was held. The Commission has the authority to impose the parole violator sentence concurrently or consecutively to any new sentence imposed while the parolee was on parole, and can grant concurrent sentences retroactively if the parole revocation hearing is not held until the intervening sentence has been fully served. Moody v. Daggett, supra; Carlton v. Keohane, 691 F.2d 992 (11th Cir. 1982); Harris v. Day, supra; Saulsbury v. United States, 591 F.2d 1028 (5th Cir.), cert. denied, 444 U.S. 857 (1979); 18 U.S.C. Secs. 4210, 4214. The decision whether the sentences will run concurrently or consecutively is solely within the Commission's discretion; the Commission is not bound by a state plea bargain providing for concurrent sentences unless it somehow induced the state guilty plea. Saulsbury v. United States, supra; Sanchez v. Riggsby, 556 F.2d 1310 (5th Cir. 1977). The Commission decided that petitioner's sentences would run consecutively rather than concurrently. Petitioner has not alleged that the Commission induced the state plea bargain. Therefore, petitioner has not been prejudiced by the delay in the hearing since he was already in custody on the state charges and would not have been awarded concurrent sentences in any event. See Sutherland v. McCall, supra; Carlton v. Keohane, supra; Harris v. Day, supra. Petitioner's claim that he lost his state remedy due to the delay is also without merit. Petitioner filed a state post-conviction action in April, 1981, alleging breach of his plea agreement. He voluntarily dismissed that case because the state court took no action for nine months. He also was aware that he was being held in state rather than federal custody. See Saulsbury v. United States, supra.
 
 
 5
 Petitioner's second claim is that he received inadequate notice of his parole revocation hearing. A parolee is entitled to notice to enable him to adequately prepare for a parole revocation hearing. See Atkins v. Marshall, 533 F. Supp. 1324 (S.D. Ohio 1982). However, petitioner was notified in a letter dated November 30, 1981, that he would be receiving a hearing and he had the right to request counsel and witnesses. Petitioner declined counsel and requested one witness. Petitioner received a second letter on December 8, 1981. A letter dated December 9, 1981, to the warden with a copy to petitioner, stated that the hearing would be held December 22 and petitioner had requested one witness for the hearing. The hearing was held on December 22, 1981. Petitioner does not allege that he was unprepared or was prejudiced by the alleged lack of notice. In fact, the parole revocation was based upon the state charges to which petitioner had pleaded guilty. Under these circumstances, petitioner received adequate notice.
 
 
 6
 Petitioner filed a motion to proceed in forma pauperis on appeal. However, petitioner proceeded in forma pauperis in the district court and the court also granted petitioner's motion to proceed in forma pauperis on appeal. Rule 24(a) of the Federal Rules of Appellate Procedure provides that if an in forma pauperis motion is granted in the district court, the appellant may proceed in forma pauperis on appeal without further application. Therefore, the in forma pauperis motion in this Court was unnecessary.
 
 
 7
 Accordingly, it is ORDERED that the motion to proceed in forma pauperis is denied as unnecessary, the motion for counsel is denied, and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).