12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael C. ANTONELLI, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Defendant-Appellee.
 No. 92-3209.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 19, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Michael C. Antonelli filed a petition for a writ of mandamus in federal district court challenging the procedures of his preliminary parole revocation hearing as violative of due process. The only remedy Antonelli sought for the alleged violations was to compel the Commission to conduct a new hearing providing the procedural protections required. This Antonelli received when the final parole revocation hearing was conducted. The district court concluded, therefore, that Antonelli's claim for a new preliminary hearing was rendered moot by the final revocation hearing.
 
 
 2
 Antonelli contends, however, that his claim is not moot. He argues that the final hearing did not "cure" the due process violations of the preliminary hearing because he was still deprived of the right to confront witnesses who he claims would have provided support for his defense to two of the grounds for which parole was revoked: the failure to appear in state court on the charge of aggravated arson and the failure to appear for parole supervision. These alleged violations of due process involve the final revocation, not the preliminary hearing. Thus a writ of mandamus could no longer provide a remedy for any alleged error. See, e.g., Carlton v. Keohane, 691 F.2d 992 (11th Cir.1982). Rather, because this claim and the others Antonelli sought to add by amended complaint challenge the fact and duration of custody imposed upon revocation of parole, they are more properly presented in a petition for a writ of habeas corpus. 28 U.S.C. Sec. 2241. Indeed, Antonelli raised these claims in such a petition which the district court has addressed and denied. Antonelli v. United States Parole Commission, No. 92 C 6268 (N.D.Ill. April 1, 1993) (appeal pending, No. 93-1858).
 
 
 3
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record