**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JACK ADARGO,

        Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

        Respondent-Appellee.

No. 01-1269
(D.C. No. 00-Z-746)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jack Adargo, a federal inmate appearing *pro se*, appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2241. We dismiss the appeal because petitioner failed to file specific objections to the magistrate judge's report and recommendation.

I.

In 1984, petitioner was convicted of robbery of a federally insured savings and loan institution. He was paroled in 1994, but was returned to custody several times after a series of parole violations. In 1999, while out on parole, petitioner was taken into custody again on a parole violation warrant. His parole was revoked after a parole revocation hearing held more than eight months after he was returned to custody. Petitioner filed a § 2241 petition claiming that the Parole Commission violated his due process rights by failing to provide him with a timely revocation hearing.

It is undisputed that petitioner did not receive a timely parole revocation hearing. *See* 18 U.S.C. § 4214(c) (requiring hearing be held within ninety days; applicable to prisoners such as petitioner convicted for offenses committed before November 1, 1987). Petitioner's case was referred to a magistrate judge who concluded in a report and recommendation that petitioner's due process rights were not violated by the delay, however, because he did not contend, or present evidence demonstrating, that he was prejudiced in any way by the delay. *See*

*Harris v. Day*, 649 F.2d 755, 761-62 (10th Cir. 1981) (holding that, absent showing of prejudice, delay in holding revocation hearing on parole revocation warrant does not violate parolee's due process rights). Petitioner was ultimately afforded a revocation hearing at which he was represented by counsel. He received notice of the evidence against him and was afforded an opportunity to present evidence and witnesses. He presented no evidence or defense and did not contest the conviction upon which his parole revocation was based. Accordingly, the magistrate judge recommended that his § 2241 petition be denied.

Petitioner filed a half-page objection, stating only that he found it "incredible a delay by the parole commission did not violate the due process clause." R. Doc. 23. The district court adopted the report and recommendation, stating it agreed with the magistrate judge's recommendation and that petitioner had not raised any specific issue for the court's consideration. R. Doc. 25. [1]

---

[1] Although the Parole Commission claims the objections were not timely filed, it does not claim petitioner waived appellate review as a result. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining firm waiver rule for untimely filed objections). The magistrate judge's report was filed on February 22, 2001 and informed petitioner that he was required to file any objections within ten days of its service. Petitioner filed his objections on March 26, 2001. The district court stated the objections were untimely, but considered the pleading "in the interest of justice." R. Doc. 25. However, the record and the district court docket sheet indicate that the report and recommendation was not served on petitioner until March 16, 2001. Thus, it appears that petitioner's objections were timely filed within ten days of service of the report and recommendation on petitioner. *See* Fed. R. Civ. P. 72(b) (requiring objections to be filed within ten days after being *served* with a copy of the magistrate judge's recommended disposition (emphasis added)).

II.

Rule 72 of the Federal Rules of Civil Procedure provides that when a magistrate judge issues a ruling on a dispositive pretrial motion, a party has ten days after service to "serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). We have held that failure to file a specific objection to a magistrate judge's report and recommendation constitutes a waiver of appellate review. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Objections to the magistrate's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute. *Id*. We have held that the waiver rule need not be applied where the interests of justice so dictate. *Id*.

Here, petitioner has failed to comply with the specific objection requirement established by Fed. R. Civ. P. 72 and circuit precedent. He did not provide the district court with any meaningful notice as to the particular factual or legal errors he implicitly claims the magistrate judge committed. Further, we do not conclude that the interests of justice indicate that petitioner should be excused from the waiver rule. The arguments raised by petitioner in his § 2241 petition were thoroughly and persuasively rejected by the magistrate judge. On appeal, petitioner makes only a general assertion that he was denied a fair hearing, yet he does not articulate any way in which he was prejudiced by the delayed hearing,

nor does he assert any specific factual or legal error by the magistrate judge.

Thus, the interests of justice do not warrant excusing petitioner from the waiver rule.[2]

Accordingly, we hold that petitioner waived appellate review by failing to file specific objections to the magistrate judge's report and recommendation. The appeal is DISMISSED. Petitioner's request to proceed *in forma pauperis* is DENIED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] It is not clear whether the district court reviewed the magistrate judge's report and recommendation *de novo*, despite the lack of an appropriately specific objection. Even if the district court did perform a *de novo* review, that does not preclude application of the waiver rule. *See 2121 E. 30th St.*, 73 F.3d at 1061 (declining to lift the bar of appellate review despite the district court's *sua sponte* decision to conduct a *de novo* review where objections were not specific enough to preserve the issues for appellate review).