**Alvin WHITLOW, Petitioner,**

**v.**

**Sheriff Michael G. BELLOTTI and the United States Parole Commission, Respondents.**

**Civil Action No. 07-10178-NG.**

United States District Court, D. Massachusetts.

Aug. 7, 2007.

Alvin Whitlow, Philadelphia, PA, pro se.

***ORDER***

GERTNER, District Judge.

Order entered; ORDER ON REPORT AND RECOMMENDATIONS adopting [28] Report and Recommendations, granting [20] Motion to Dismiss.

***REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS***

July 3, 2007.

DEIN, United States Magistrate Judge.

## I. *INTRODUCTION*

The petitioner, Alvin J. Whitlow ("Whitlow" or the "Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1) on January 25, 2007, challenging his continued detention on the grounds that he had not been provided with a parole revocation hearing in a timely manner. At the time the Petition was filed, Whitlow was confined within the District of Massachusetts, at the Norfolk County Correctional Facility. Since then he has been transferred to the Wyatt State Detention Center in Rhode Island and the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania, where he is currently being detained. Following a number of procedural orders by this court, Whitlow had a parole revocation hearing at FDC Philadelphia on May 30, 2007, at which time he was represented by counsel.

This matter is presently before the court on the Motion of the United States Parole Commission to Dismiss the Petition. (Docket No. 20). The Commission contends Whitlow has not alleged any fact showing prejudice resulting from the delayed hearing and thus is not entitled to habeas relief. This court agrees. Although the Commission failed to provide Whitlow with a hearing within ninety days of his arrest, as mandated by 18 U.S.C. § 4214(c), he is nevertheless not entitled to habeas relief because the delay has not impaired his ability to contest his parole

revocation. Accordingly, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss be ALLOWED.

## II. *STATEMENT OF FACTS*

On October 11, 1988, the District of Columbia Superior Court sentenced Whitlow to two to fifteen years in prison after he pleaded guilty to assault with intent to rape. (Memorandum in Support of Respondent's Motion to Dismiss ("Resp. Mem.") (Docket No. 21) at Ex. 1). After several escapes and parole violations, Whitlow was most recently paroled on December 13, 2002 to remain under supervision until June 12, 2013. (*See* Resp. Mem. at 1, n. 1; Resp. Mem. at Ex. 2).

On January 7, 2005, the Commission applied for and obtained a warrant for Whitlow's arrest, charging him with violating parole by failing to submit to drug testing, failing to report to his supervision officer, and committing violations of law (theft II and eluding police). (Resp. Mem. at Ex. 3). The warrant was supplemented on August 21, 2006 after the Petitioner was arrested by Boston Police and charged with assault and battery. (Resp. Mem. at Ex. 4). Whitlow was convicted of assault and battery on October 11, 2006 in the Dorchester District Court and sentenced to 2½ years, with all but 4 months time served suspended. (Resp. Mem. at Ex. 5).[1]

Whitlow was arrested on the parole revocation warrant on October 11, 2006. (Resp. Mem. at Ex. 6). He was initially detained at the Plymouth County House of Correction. (*Id.*). Whitlow met with a U.S. Probation Officer on November 21, 2006 at which time he requested that counsel be appointed. (Resp. Mem. at Ex. 7). The request was docketed in this court on December 29, 2006, and counsel was appointed on January 5, 2007. (*See In re Alvin Whitlow,* MBD No. 06–10488–MLW). However, the docket in that case does not reflect any further action.

Meanwhile, on January 3, 2007, the Commission found probable cause to believe that Whitlow had violated the conditions of his parole, and ordered his transfer to a federal institution for the purpose of holding a revocation hearing. (Resp. Mem. at Ex. 8). On January 25, 2007, Whitlow filed the instant Petition *pro se.* (Docket No. 1). On February 15, 2007, Whitlow's motion for leave to proceed in forma pauperis was granted, and the Petition was ordered to be served on the Respondent Sheriff Michael G. Bellotti. (Docket No. 3). Prior to an answer being filed, however, on February 27, 2007 Whitlow was transferred to the Wyatt State Detention Center in Rhode Island. (*See* Docket No. 14).[2] On May 1, 2007, he was transferred to FDC Philadelphia. (Resp. Mem. at 2). Counsel was appointed, and on May 30, 2007 Whitlow and his counsel appeared for a revocation hearing in Philadelphia. (Docket No. 24). Whitlow requested a continuance and the matter was continued until a date in July, 2007.(*Id.*). It is undisputed that 18 U.S.C. § 4214(c) provides for a revocation hearing within ninety (90) days after arrest for a parole violation. For purposes of the motion to dismiss, it is assumed that this statute was violated in Whitlow's case.

1. This conviction was reflected in an amendment to the parole violation warrant on December 18, 2006. (Resp. Mem. at Ex. 5).

2. As a result of Whitlow's transfer, there was confusion as to the appropriate Respondent in this case, and whether the habeas petition should be decided by this court. As a result, a number of orders were issued by this court which are not relevant to the instant motion and which will not be detailed herein.

### III. *ANALYSIS*

#### A. *The Habeas Petition Fails to State a Claim*

As detailed above, this court will assume that the fact that Whitlow did not receive a parole revocation hearing within 90 days of his arrest constituted a violation of 18 U.S.C. § 4214(c). "The appropriate remedy for a § 4214 default, however, is a writ of *mandamus* to compel the Commission's compliance with the statute not a writ of *habeas corpus* to compel release on parole or to extinguish the remainder of the sentence." *Sutherland v. McCall,* 709 F.2d 730, 732 (D.C.Cir.1983). *Accord De La Cova Y Gonzalez Abreu v. United States,* 611 F.Supp. 137, 140 (D.P.R.1985). "*Habeas* relief pursuant to constitutional due process protections ... is only available where a petitioner establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial." *Sutherland,* 709 F.2d at 732. *See also Northington v. United States Parole Comm'n,* 587 F.2d 2, 3 (6th Cir.1978) (parolee must establish prejudice to be entitled to habeas relief, not just delay); *Camacho v. White,* 918 F.2d 74, 79 (9th Cir. 1990) (due process violation occurs only when petitioner "establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial") (internal quotation omitted); *Goodman v. Keohane,* 663 F.2d 1044, 1046 (11th Cir.1981) (habeas relief available only where delay in holding revocation hearing was unreasonable and prejudicial to the petitioner). Whitlow cannot satisfy this standard.

This court will assume, without deciding, that the delay between Whitlow's arrest and his revocation hearing was unreasonable. *See Villarreal v. United States Parole Comm'n,* 985 F.2d 835, 837 (5th Cir.1993) (failure to hold hearing within 90 days as required by § 4214(c) "presumptively" unreasonable). "However, more than mere unreasonableness is required for a court to grant of [sic] habeas relief to a parolee whose parole was revoked. The parolee must additionally show that actual prejudice was caused by the unreasonable delay." *Id.* As a general statement, such prejudice must adversely affect the petitioner's ability to contest revocation. *See U.S. v. Chaklader,* 987 F.2d 75, 77 (1 st Cir.1993) (no prejudice from 21–month delay before probation revocation hearing where "[i]t is not alleged that the delay impaired [defendant's] ability to contest the revocation" ). For example, "[p]rejudice might result from delays causing probationers difficulty in contesting the alleged facts constituting a violation of their release conditions; hardship in finding and presenting favorable witnesses; or inability to produce evidence of mitigating circumstances which might result in continued probation despite the violation." *United States v. Wickham,* 618 F.2d 1307, 1310 (9th Cir.1979), and cases cited. *See also Tuttle v. United States Parole Comm'n,* 70 F.3d 110 (Table–Unpublished), No. 95–1103, 1995 WL 686122, at *1 (1st Cir.1995) (court will assume, but not decide, "that the loss of mitigating evidence relevant to a parole revocation hearing of dispositional review would constitute prejudice"), and cases cited. In the instant case, Whitlow has failed to put forth any facts which could support a finding that the delay prejudiced any defense he might raise at the revocation hearing. He also has not alleged any other prejudice resulting from the delay. Consequently, this court recommends that the motion to dismiss the Petition be allowed.

### IV. *CONCLUSION*

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Re-

spondent's Motion to Dismiss (Docket No. 20) be ALLOWED.[3]

3. The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604-605 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn*, 474 U.S. 140, 153-54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3-4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).