Milton PARNESS, Plaintiff,

v.

The UNITED STATES PAROLE COMMISSION and the Warden, Metropolitan Correctional Center, Defendants.

No. 80 Civ. 0269 (KTD).

United States District Court,
S. D. New York.

Jan. 22, 1980.

Saxe, Bacon & Bolan, P. C., New York City, for plaintiff; Roy M. Cohn, Michael Rosen, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for defendants; Barbara L. Schulman, Asst. U. S. Atty., New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Milton Parness is presently incarcerated at the Metropolitan Correctional Center ("MCC") serving a ten year sentence on convictions for Racketeering and Interstate Transportation of Stolen Securities.

On April 6, 1979, Parness was afforded an initial parole hearing after which the Parole Commission granted him a presumptive parole designating January 11, 1980, as a tentative release date. This grant of parole was conditioned upon the payment or discharge of a committed fine and upon Parness "maintaining good institutional conduct." See Exhibit 1 to the affidavit of Joseph A. Nardoza, dated January 16, 1980 [hereinafter "Nardoza affidavit"].

By letter dated December 18, 1979, Assistant United States Attorney (hereinafter "AUSA") Costello informed the Parole Commission of possible criminal conduct engaged in by Parness while a federal prisoner. Thereafter, the Commission received a letter, dated December 21, 1979, from Parness' counsel in response to the Costello letter.

Thereafter, on January 3, 1980, while in receipt of the above mentioned communications, the Commission decided to change Parness' presumptive parole into an effective parole for January 11, 1980. The Commission concluded that the Costello letter was insufficient to warrant a rescission of the parole date. In particular, the Commission was particularly disturbed by the fact that Mr. Parness was not being prosecuted for his alleged criminal activity. Moreover, the Commission was not presented with a preview of the evidence which would be available to it should Parness' parole be reopened. See Nardoza affidavit at ¶ 7.

Undaunted, AUSA Costello composed yet another letter to the Commission, dated January 8, in which he recited in greater detail the alleged criminal conduct engaged in by Parness together with the evidence available to the Commission should the case be reopened. In addition, the Commission was informed that any prosecution of Parness was impossible since he had been given immunity.

Solely as a result of this letter the Commission decided, on January 10, that the allegations warranted a full hearing to determine whether the grant of parole would be rescinded. The Commission also determined that Parness' release date of January 11, would be revoked pending the rescission hearing.

Milton Parness now moves to enjoin the Commission from reopening consideration of his parole and continuing the cancellation of his release from the MCC.

A hearing was held before me on January 17, 1980, at which it was established that the sole question to be determined by me is whether Milton Parness' effective date of release was properly revoked by the Commission and his case reopened. Plaintiff's counsel also broached the question of bail pending the rescission hearing if I should determine that the revocation was proper.

The following shall constitute my findings of fact and conclusions of law.

It is clear that the granting of parole is within the sole discretion of the

**102**

United States Parole Commission. 28 C.F.R. § 2.18. This is true even where a prisoner has been given an effective date of parole. Indeed, release on a date fixed by the Commission is conditioned upon continued satisfactory conduct by the prisoner. 28 C.F.R. § 2.34. Thus, if a prisoner granted an effective date of parole violates any of the rules of the prison facility or engages in new criminal activity prior to the delivery of the certificate of parole, "the Regional Commissioner may reopen the case and retard the parole date for up to 60 days without a hearing, or schedule a rescission hearing . . . on the next available docket at the institution." 28 C.F.R. § 2.34(a).

In applying these regulations to the instant case, I am unable to enjoin the instant revocation. The Commission has met the statutory requirements, if only precisely, and the revocation is proper. While it is clear that the Government could have alerted the Commission with respect to the alleged criminal conduct in a more timely fashion, its conduct does not warrant judicial interference into the internal workings of the Parole Commission.

■ Concerning the question of bail, it must be denied. The allegations leveled against Mr. Parness are serious and if true would raise a serious question as to the appropriateness of parole at this time. Moreover, the Commission has scheduled a rescission hearing in this case for January 29, which is the next open docket.

Accordingly, plaintiff's motion for injunctive relief and his request for bail must be denied.

So ordered.