No. 96-1253, <u>Kalady v. Booker</u>

Attachments (Recommendation of United States Magistrate Judge; Order of Dismissal) are not available electronically.

———————————

| | |
|---|---|
| JOSEPH M. KALADY, | |
| Petitioner-Appellant, | |
| v. | No. 96-1253 |
| | (D.C. No. 95-Z-1655) |
| JOE W. BOOKER, Warden and | (D. Colorado) |
| UNITED STATES PAROLE | |
| COMMISSION, | |
| Respondents-Appellees. | |

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

———————————

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Kalady is a federal inmate. Having received a state conviction and a federal parole, he brought this habeas corpus action claiming entitlement to credit for certain jail time served in the Indiana State Penitentiary and further claiming the Parole Commission incorrectly classified his offense behavior. The district court denied the petition for writ of habeas corpus and dismissed the action without prejudice. Mr. Kalady, who has paid the appropriate fee, appeals this decision. We reverse in part, affirm in part, and remand.

A chronology of the significant events is helpful in understanding the issues:

In 1982, Mr. Kalady pled guilty in federal court to charges of conspiracy and bank theft. He was sentenced to concurrent terms of five years on the conspiracy count and ten years on the bank theft count. In a companion case, Mr. Kalady pled guilty to the interstate transportation of money, knowing it was stolen. He was sentenced to a ten-year term to run concurrently with his other federal sentences.

In 1983, Mr. Kalady pled guilty to interstate transportation of funds, knowing the funds had been taken from a bank by fraud. He was sentenced to a

five-year term to run consecutively to his other federal sentences. Thus, at this point his total federal sentence was fifteen years.

At this time in 1983, Mr. Kalady was serving a thirty-four-year sentence in an Indiana State Prison. Mr. Kalady's 1982 federal sentences were to run concurrently with his state sentence. Consequently, after his federal sentencings, Mr. Kalady was serving both his federal and state sentences in the Indiana facility.

On August 8, 1986, the United States Parole Commission issued a certificate of parole nunc pro tunc[1] to Mr. Kalady, paroling him from his federal term to the Indiana state detainer. The certificate was backdated to March 2, 1986, but Mr. Kalady did not receive and sign the certificate until September 10, 1986. There was no change in Mr. Kalady's physical custody.

---

[1] Black's Law Dictionary defines nunc pro tunc as "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.*, with the same effect as if regularly done. Nunc pro tunc entry is an entry made now of something actually previously done to have effect of former date." *Black's Law Dictionary* 964 (5th ed. 1981).

On December 23, 1987, Indiana released Mr. Kalady on appeal bond without notifying the federal authorities. Upon his release by the state, Mr. Kalady failed to report to his United States Probation Officer for supervision until July 28, 1988.

In 1988, Mr. Kalady was indicted in federal court in Wyoming for conspiracy, mail fraud, wire fraud, and aiding and abetting. He was arrested and released on an unsecured bond. The district court issued a bench warrant for Mr. Kalady's arrest after he failed to appear for trial.

In 1989, the United States Parole Commission also issued a warrant for Mr. Kalady's arrest charging him with a law violation (the district of Wyoming federal charges), leaving his parole district without permission, and failure to appear for trial. Mr. Kalady was arrested in November 1989.

In 1990 Mr. Kalady received a parole revocation hearing. The information submitted to the panel reflected Mr. Kalady conspired to commit various fraudulent activities in order to participate in the profit from purchases of bankrupt properties and assets with a value of approximately $15 million. The panel recommended Mr. Kalady's offense be rated category six severity as it

involved a conspiracy to commit fraud of over one million dollars. The panel also recommended the forfeiture of Mr. Kalady's "street time" from the date of his release from state custody on December 23, 1987, until July 28, 1988, the date Mr. Kalady reported to his Probation Officer. In a 1991 special reconsideration hearing the panel recommended forfeiture of all of the time Mr. Kalady had spent on federal parole, from March 2, 1986 (the date of parole as provided in the certificate of parole nunc pro tunc) to November 8, 1989 (the date the Parole Commission arrest warrant was executed).

Mr. Kalady was subsequently convicted in the District of Wyoming for failure to appear and was sentenced to a forty-month term of imprisonment to run consecutive to his prior federal sentences. The length of this sentence was based, in part, on a finding by the sentencing judge that Mr. Kalady intended to defraud his victims of $34,000.

Mr. Kalady then filed the present habeas petition contending: (1) he is entitled to "jail time credit" from the date of the writing of the initial Parole Certificate (March 2, 1986) until his release from the Indiana State Prison (December 23, 1987), or alternatively, he claims he is entitled to credit from the date on his Certificate of Parole (March 2, 1986) until the date he received and

signed his Certificate of Parole (September 10, 1986); and (2) Mr. Kalady claims the Parole Commission was bound by the Wyoming District Court's finding of an intended loss of $34,000 rather than their independent finding of $15 million.

The district court found Mr. Kalady's federal parole began March 2, 1986, the date stated on the certificate of parole nunc pro tunc, and further concluded Mr. Kalady was not entitled to credit for "jail time" he spent in state custody from March 2, 1986, to December 23, 1987. Further, the district court concluded the Parole Commission is entitled to take into account factors which could not be considered by a court of law and has the power to make its own independent finding regarding the extent of a parolee's offenses. The district court thereupon denied the petition and dismissed the action without prejudice.

Mr. Kalady appeals this decision. We find that, although Mr. Kalady is not entitled to credit for time he spent on parole, *see* 18 U.S.C. § 4210(b)(2) (1994)[2]; 28 C.F.R. § 2.52(c)(2); *Harris v. Day*, 649 F.2d 755, 760 (10th Cir. 1981), his parole did not begin until September 10, 1986, not March 2, 1986. Accordingly, he is entitled to 192 days of federal jail time credit. The authorities cited by both

---

[2] Although Congress repealed 18 U.S.C. § 4210(b)(2) in 1987, it is applicable to Mr. Kalady because he was sentenced in 1982 and 1983.

the magistrate and district court judges as supporting their contrary holding in fact support our position. First, the plain language of 28 C.F.R. § 2.29(a) (1996) states: "A grant of parole shall not be deemed to be operative until a certificate of parole has been delivered to the prisoner."

The cited cases, with one possible exception, also support our holding. *Ross v. Beeler*, referencing a prospective presumptive parole date, expressly states: "*Under 28 C.F.R. § 2.29 a grant of parole does not operate until the parole certificates are delivered to the prisoner*, and, until then, the government has a substantial interest in whether a parole grant will be rescinded." No. 88-C-5507, 1989 WL 55056, at *2 (N.D. Ill. May 12, 1989) (emphasis added) (not cited by the district court). *Parness v. United States Parole Comm'n*, 488 F. Supp. 100, 102 (S.D.N.Y. 1980), states:

> if a prisoner granted an effective date of parole violates any of the rules of the prison facility or engages in new criminal activity *prior to the delivery of the certificate of parole*, "the Regional Commissioner may reopen the case and retard the parole date for up to 60 days without a hearing, or schedule a rescission hearing ...."

(quoting 28 C.F.R. § 2.34(a)) (emphasis added). The reference to retardation of the parole date implies that up until receipt of the parole certificate, the prisoner is not yet on parole, and the referenced "rescission hearing" may differ from a parole "revocation hearing." *See Drayton v. McCall*, 584 F.2d 1208, 1209 (2d

Cir. 1978). The cited footnote in *Christopher v. United States Bd. of Parole*, 589 F.2d 924, 925 n.1 (7th Cir. 1978), connotes a similar implication. The court, quoting 28 C.F.R. § 2.29(a), refers to the prisoner's grant of parole as "inchoate." *Id.* Inchoate means "[i]mperfect; partial; unfinished; begun, but not completed." *Black's Law Dictionary* 686 (5th ed. 1981). Although the cited footnote in *Drayton*, 584 F.2d at 1216 n.14, may provide tenuous support to the magistrate and district court judges' holding, it is just that -- tenuous.

Moreover, two additional cases support our holding. In an unpublished decision, the Sixth Circuit stated:

> [A] federal right to parole does not exist in this case. Under 28 C.F.R. § 2.29(a)(b)(c), *a federal prisoner is not vested with a right to parole until he receives a certificate of parole*. [The plaintiff prisoner] was not issued a parole certificate prior to the rescission of his presumptive parole date. Therefore, he was not deprived of any liberty interest [because he had no constitutional right to parole.]

*Smith v. Gluch*, 880 F.2d 1322, 1979 WL 87479, at *1 (6th Cir. 1989) (table case) (emphasis added). The clear implication is that a prisoner does not become a parolee, or even obtain a liberty interest in parole, until the prisoner receives a certificate of parole. The second case, *Tippins v. Luther*, 869 F. Supp. 331 (W.D. Pa. 1994), also clearly presumes receipt of a certificate of parole is necessary for parolee status. "Since [the prisoner] escaped in March of 1991, he did not receive a certificate of parole when his 'effective date' [of parole] of June 4, 1991 arrived.

*Thus, he never became a parolee*." *Id.* at 334 (emphasis added). Notably, the court later stated: "*Since [the prisoner] was not paroled and escaped while he was still a prisoner awaiting parole, the time he spent in the county jail after he was arrested for escape was counted toward his federal sentence*." *Id.* at 335 (emphasis added).

Although we find the government's arguments, as Appellee, well-reasoned and persuasive, they fail to cite supporting legal authority. Therefore, we decline to adopt their espoused position.

Accordingly, we reverse the district court in regard to this issue, and order Mr. Kalady be credited 192 days jail time against his 1982 and 1983 federal sentences. We do, however, affirm the judgment of the district court as to the remainder of the issues Mr. Kalady raises on appeal. We do so for substantially the same reasons set forth by the magistrate judge in his Recommendation of October 5, 1995, and the district court in its Order of Dismissal of May 14, 1996, copies of both being attached hereto.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings consistent with our opinion.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge