Renee DeCUIR, Petitioner-Appellant,

v.

U.S. PAROLE COMMISSION, et al.,
Respondents-Appellees.

No. 84–2065.

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 1986.

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioner-appellant.

Robert N. Miller, U.S. Atty., and Douglas W. Curless, Asst. U.S. Atty., Denver, Colo., for respondents-appellees.

Before LOGAN, SETH, and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Petitioner Renee DeCuir appeals the district court's denial of his application for habeas corpus.

In 1981, while on parole from a federal bank robbery sentence, petitioner was arrested on state drug charges in Colorado. The United States Parole Commission issued a parole violator warrant against petitioner, and in 1982 revoked his parole. Because petitioner had not yet been convicted on his drug charges, the Commission did not at that time order forfeiture of his time on parole, his "street time." *See* 28 C.F.R. § 2.52 (rules for parole revocation decisions). Petitioner was returned to federal prison.

On August 13, 1983, petitioner received mandatory release from federal prison, having served his maximum term less good time credits. *See* 18 U.S.C. § 4163. On August 30, 1983, petitioner pleaded guilty to his drug charges in Colorado state court. On December 8, 1983, the Parole Commission issued a supplemental parole violator warrant against petitioner, to initiate reconsideration of forfeiture of petitioner's street time. *See* 28 C.F.R. § 2.52(c)(2). (Commission shall order forfeiture of street time after conviction for new offense while on parole; if conviction occurs subsequent to an initial revocation hearing, Commission may reopen case). Petitioner was sentenced in state court on January 13, 1984. In July 1984, after petitioner had completed his state prison term, the Commission executed the supplemental warrant and held a new hearing on his case. The Commission ordered the forfeiture of petitioner's street time, and he was again returned to federal prison.

Petitioner DeCuir contests the Commission's supplemental warrant in his application for habeas corpus. He first asserts that the Commission acted prematurely under 28 C.F.R. § 2.52(c)(2), because it issued the supplemental warrant before final state court sentencing, contending that if the Commission had waited until after state sentencing, as it should have, it would have lacked jurisdiction under 18 U.S.C. §§ 4164 and 4210(b)(1), which proscribe action within 180 days of the expiration of a prisoner's term. Petitioner also asserts that the Commission violated 28 C.F.R. § 2.28(d), by reopening his case while he was no longer in custody serving a parole violation term. The district court rejected these arguments. We affirm.

At the time when the Parole Commission issued its supplemental parole violator warrant, petitioner was on "mandatory release" status, having been released from federal custody at the expiration of his term of sentence less time deducted for good conduct. *See* 18 U.S.C. § 4163; 28 C.F.R. § 2.35(a). Such released prisoners are treated "as if released on parole", *see* 18 U.S.C. § 4164 28 C.F.R. § 2.35(a), and are subject to the same conditions of re-

lease and Commission supervision as true parolees, *see Jones v. Moseley,* 319 F.Supp. 455, 456–57 (D.Kan.), *aff'd mem.,* 434 F.2d 655 (10th Cir.1970). If not revoked, this status lasts until the expiration of the released prisoner's maximum term less 180 days, which in this case would be January 1, 1984. 18 U.S.C. § 4164; 28 C.F.R. § 2.35(a). At this point, Commission supervision power over the releasee expires. 18 U.S.C. § 4210(b)(1); 28 C.F.R. § 2.35(a).

Petitioner DeCuir does not dispute that the Commission issued its supplemental violator warrant while he was subject to Commission supervision before the beginning of the 180–day period. We explore first whether the Commission acted properly in issuing the warrant at that time, and second whether the warrant allowed the Commission to retain jurisdiction after January 1, 1984.

The Commission is empowered to issue a parole violator warrant whenever "any parolee is alleged to have violated his parole." 18 U.S.C. § 4213(a); *see also* 28 C.F.R. § 2.44(a). Arrest or charge for committing a later crime is expressly contemplated by the parole statutes as one type of "allegation" allowing the issuance of a parole violator warrant. *See* 18 U.S.C. § 4214(a)(1)(A)–(B); 28 C.F.R. § 2.44(b). The Commission must order forfeiture of street time whenever a parolee is convicted of a new offense punishable by a term of imprisonment. 28 C.F.R. § 2.52(c)(2). To allow prompt parole revocation upon an initial arrest and still leave open the question of street time, the regulations allow the Commission to reopen the case of a parolee when "such conviction occurs subsequent to a revocation hearing." *Id.*

■ Petitioner contends that he was not "convicted" within the meaning of § 2.52(c)(2) until sentence was imposed on January 13, 1984, and that therefore the Commission acted prematurely in issuing the supplemental warrant in December 1983. While there is authority that a plea of *nolo contendere* does not amount to a conviction until judgment has been rendered by the court, *see Lott v. United States,* 367 U.S. 421, 426, 81 S.Ct. 1563, 1566, 6 L.Ed.2d 940 (1961), the Supreme Court has also said, "A plea of guilty ... is itself a conviction." *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962) (quoting *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927)); *accord Green v. Turner,* 409 F.2d 215, 216 (10th Cir.1969). The regulation petitioner cites says, "An actual term of confinement or imprisonment need not have been imposed for such conviction." 28 C.F.R. § 2.52(c)(2). The district court correctly determined that petitioner's conviction occurred, within the meaning of this regulation, upon the entry of his guilty plea on August 30, 1983. Accordingly, final state sentencing was not a prerequisite for Commission issuance of the supplemental warrant.

■ Moreover, under 28 C.F.R. § 2.44(d), issuance of the supplemental warrant within the period of supervision following petitioner's mandatory release maintained the Commission's jurisdiction to retake petitioner after the normal expiration date of his sentence in order to reach a final decision on forfeiting his street time. The parole regulations and case law demonstrate that the termination of supervision provisions in §§ 4164 and 4210 are to be read in conjunction with, and not in derogation of, the statutory provisions that allow the retaking of a parole violator under a proper warrant, in order to decide whether to revoke parole or forfeit street time. *See* 28 C.F.R. § 2.44(d) (issued warrant bars sentence expiration); *Baker v. Sard,* 486 F.2d 415, 416–17 (D.C.Cir.1972), *vacated on rehearing on other grounds,* 486 F.2d 426 (1973) (violator warrant issued before 180–day period but executed after beginning of 180–day period valid; later revocation of parole also valid). The purpose of the 180–day provision in § 4164 is not to relieve parolees from penalties attaching to violations occurring before the 180–day period begins. *See Schiffman v. Wilkinson,* 216 F.2d 589, 591 (9th Cir.1954), *cert. denied,*

348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955).

Finally, petitioner asserts that the Commission violated 28 C.F.R. § 2.28(d) by reopening his case at a time when he was no longer in federal custody on a parole violator term. However, § 2.28(d) applies only to a "prisoner" in custody; petitioner is a "parolee" for whom the Commission needed to reconsider a decision not ordering forfeiture of street time, under § 2.52(c)(2). Under the parole regulations, these two terms are distinct. *See* 28 C.F.R. § 2.1(g) ("the term *'parolee'* refers to any Federal *prisoner* released on parole or as if on parole") (emphasis added). The district court correctly found petitioner's argument to be without merit.

AFFIRMED.

Before GODBOLD and KRAVITCH, Circuit Judges and SIMPSON, Senior Circuit Judge.