Louis Osei COTTON, Plaintiff–Appellant,

v.

UNITED STATES PAROLE COMMISSION, Defendant–Appellee.

No. 92–3450.

United States Court of Appeals, Tenth Circuit.

April 29, 1993.

Louis Osei Cotton, pro se.

Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materi-

ally assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

This matter is before the court on Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees. This court grants the motion and proceeds to the merits of the case.

Plaintiff was sentenced in 1967 to twenty-one years in federal prison. He was released on parole in 1980. Since that time, he has been repeatedly in and out of state and federal prisons on a variety of state charges and parole violations. He is currently serving a life sentence in Kansas for a variety of crimes, including first degree murder. At sentencing, the state trial court explicitly stated that his sentence was to run "concurrent to the federal statute [sic]." (Tr. of State Sentencing H'ring at 12.) Defendant United States Parole Commission, however, has refused to credit the time Plaintiff spends in state prison toward his federal sentence. As he still has 1540 days remaining on the twenty-one-year sentence for his 1967 federal conviction, the Parole Commission has filed a parole violator warrant as a detainer.

■ Plaintiff claims that his twenty-one-year sentence automatically expired in 1988. He also claims that the Parole Commission is bound by the terms of his state sentence. He brought this action seeking to have the detainer voided. The district court denied relief.

Plaintiff's first contention on appeal is that the district court's opinion is contrary to law established by the great Oliver Wendell Holmes in a United States Supreme Court case captioned *Wilbert J. Wilbert v. Commonwealth.* Plaintiff was unable to provide a citation to the case, but he explained that it held that sentences could not stop and start, but must run over a continuous period of time.

This court has been unable to find any such case in the reported decisions of the United States Supreme Court. Given the reference to "Commonwealth" in the caption of the case, this court researched the possibility that such a case was handed down by Justice Holmes while sitting on the Supreme Judicial Court of the Commonwealth of Massachusetts. That research also proved fruitless. A computerized search of all jurisdictions failed to locate any case relevant to this issue with the title "Wilbert v. Commonwealth." This court is therefore unable to determine to what Plaintiff refers.

In any event, even if there is an old Supreme Court case holding, under the statutes of that era, that sentences cannot start and stop, such a rule is superceded by the regulations in effect today. The district court, applying the appropriate regulations and case law, concluded that the detainer is valid. We see no ground for reversal.

■ Plaintiff also argues that the Parole Commission is bound by the terms of the state sentence, which called for the sentences to be concurrent. We agree with the district court's conclusion that the Parole Commission is an independent entity that is not bound by a state judgment in which it did not participate. *See Meagher v. Clark,* 943 F.2d 1277 (11th Cir.1991) (reviewing the law on this issue); *see also Harris v. Day,* 649 F.2d 755, 758–60 (10th Cir.1981) (where parolee is convicted of a new crime, the Parole Commission determines whether the state term is concurrent or consecutive with the parole violation).

We note that the effect of the federal refusal to give Plaintiff credit for his state sentence is to thwart the intention of the state sentencing judge that the sentences run concurrently. As we noted above, the state judge was without power to order that the federal sentence run concurrently with the state imprisonment. Any attempt to have the state judge reconsider his sentence in light of the federal refusal to allow Plaintiff to serve his federal sentence while in the custody of the State of Kansas must proceed by way of a post-conviction proceeding in state court.

We AFFIRM the judgment of the trial court.