**UNITED STATES, Appellee,**

v.

**Randy LaPLANTE, Defendant, Appellant.**

No. 94–1090.

United States Court of Appeals,
First Circuit.

Submitted July 12, 1994.

Decided July 15, 1994.

Martin D. Boudreau, North Quincy, MA, on brief, for appellant.

Donald K. Stern, U.S. Atty., and Mark W. Pearlstein, Asst. U.S. Atty., Boston, MA, on brief, for appellee.

Before SELYA, CYR, and BOUDIN, Circuit Judges.

PER CURIAM.

Defendant appeals the sentence imposed upon him following revocation of a term of supervised release.

Defendant was initially sentenced to six months imprisonment and thirty-six months on supervised release following his guilty plea to one count of using a false social security number, in violation of 42 U.S.C. § 408(a)(7)(B).

Defendant conceded that shortly after his release from prison, he violated two special conditions of his supervised release. The district court granted the petition for revocation and resentenced defendant to a term of eleven months imprisonment, followed by twenty-four months on supervised release.

Defendant's only argument on appeal is that the supervised release revocation provision ("SRR") of the Sentencing Reform Act of 1984, 18 U.S.C. § 3583(e)(3), does not authorize the district court to impose a term of supervised release in conjunction with an additional prison term. This court recently considered, and rejected, an identical contention in *United States v. O'Neil*, 11 F.3d 292 (1st Cir.1993). We held in *O'Neil*,

> [T]he SRR provision ... permits a district court, upon revocation of a term of supervised release, to impose a prison sentence combining incarceration with a further term of supervised release, so long as (1) the incarcerative portion of the sentence does not exceed the time limit specified in the SRR provision itself, and (2) the combined length of the new prison sentence *cum* supervision term does not exceed the duration of the original term of supervised release.

*O'Neil*, 11 F.3d at 302.

As defendant acknowledges, the sentence imposed by the district court here comports with *O'Neil*. The combined limit of the three years matches the length of the original term of supervision, and the included eleven month prison term is well below the time limit of two years incarceration for the underlying Class D felony.

Defendant urges, however, that the Supreme Court's opinion in *United States v. Granderson*, — U.S. ——, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994), "has substantially undermined the reasoning and basis of *O'Neil*." We disagree. *Granderson* involved the statutory interpretation of a different section of the Sentencing Reform Act, the probation revocation section. *See* 18 U.S.C. § 3565. The interpretive issue in *Granderson* was the meaning of the benchmark term

"original sentence," as used in the provision requiring imposition of a sentence of "not less than one-third of the original sentence," when a probationer is found in possession of illegal drugs. 18 U.S.C. § 3565(a). *Granderson* did not address the *O'Neil* question— the power of a sentencing court to impose combined sentences—but focused on the correct measure of the length of a sentence to be imposed.

*Granderson* and *O'Neil* thus involved different substantive and interpretive issues, discrete texts, statutory structures, and histories. *See Granderson,* —— U.S. at ——, 114 S.Ct. at 1266 (stating that different functions of supervised release and probation weigh heavily against an *in pari materia* reading of the separately worded revocation provisions); *O'Neil,* 11 F.3d at 298–300 (tracing differences in the design of the current sentencing regime to historical differences between probation and parole). The differences which defendant observes in the two opinions are a function of the lack of common issues, not of differences in analytic method or statutory construction.

As the dispositive issue on appeal has been recently and authoritatively decided by a panel of this court, and no other substantial question is presented, the decision below is summarily *affirmed.* *See* Loc.R. 27.1.