39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Dean TURNER, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Attorney General of the
United States of America, Respondents-Appellees.
 No. 94-6241.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Larry Dean Turner initiated this habeas corpus action challenging certain actions of the United States Parole Commission (Commission) in regard to the handling of his parole. We exercise jurisdiction under 28 U.S.C. 1291 and we affirm.
 
 
 3
 The facts culminating in this action are complex and we adopt the recitation of facts set forth in an earlier related appeal. See Turner v. United States Parole Comm'n, 934 F.2d 254, 255-56 (10th Cir.) (Turner I), cert. denied, 112 S.Ct. 239 (1991). We add only the following facts because they occurred subsequent to our disposition in Turner I.
 
 
 4
 The Commission directed the Marshal to place the second parole violator warrant[2] against Mr. Turner as a detainer[3] until he completed serving his state court sentence. On September 22, 1992, Mr. Turner was returned to the custody of the Commission after serving his state court sentence. On October 21, 1992, the Commission issued a probable cause letter to Mr. Turner, informing him there was probable cause to believe he had violated the terms of his parole by being convicted in Oklahoma State Court on a concealing stolen property charge.
 
 
 5
 A parole revocation hearing was held on November 16, 1992, and the examiner recommended that Mr. Turner's parole be revoked, that he receive no credit for time spent on parole, and that he continue on parole after serving an additional two months imprisonment (until January 27, 1993). After review, the Regional Commissioner accepted the examiner's recommendation and ordered that Mr. Turner's parole be revoked, and that he be paroled effective January 27, 1993. A Notice of Action was issued on December 1, 1992, and as a result, Mr. Turner lost credit for all time spent on parole between December 27, 1983, and September 22, 1992, the date he was returned to federal custody pursuant to the second parole violator warrant that had been lodged as a detainer.
 
 
 6
 In accordance with the Commission's decision, Mr. Turner was paroled on January 27, 1993, and he is to remain on parole until May 25, 2002. He appealed this decision to the National Appeals Board (the Board). Two of the issues he raised became moot; the third issue, involving a credit for street time, was reached on the merits. The Board concluded that because Mr. Turner was convicted while on parole, all street time had to be forfeited by statute. By a Notice of Action dated March 23, 1993, the Board's decision became binding.
 
 
 7
 On appeal, Mr. Turner raises three claims. First, he asserts the Commission had no authority to forfeit all of his time served on parole, including the time he served before his subsequent arrest and conditional reinstatement on parole. Second, he asserts the state court's order for concurrent service of his state court conviction with his federal parole violation is binding on the Commission. Lastly, he asserts an entitlement to three days credit for time served in state prison before his arrest as a federal parole violator due to the Marshal's delayed execution of the federal warrant. The district court adopted the report and recommendation of the magistrate judge in favor of dismissal in its entirety, over objections from Mr. Turner. We affirm.
 
 
 8
 The gravamen of Mr. Turner's first argument is that the time he spent in custody under the Commission's initial parole violator warrant ended the first period of parole and the Commission was empowered only to forfeit the period of parole following his conditional reinstatement on parole due to his state court conviction. The Commission, however, disputes Mr. Turner's argument that his parole can be bifurcated into two discrete terms of parole. Based on the premise that Mr. Turner served one full term of parole, subject to an "interruption" in 1987, the Commission asserts it was empowered to revoke all of Mr. Turner's street time from 1992 back to 1983.
 
 
 9
 We begin our discussion with the parole revocation statute, 18 U.S.C. 4210(b)(2), and the regulation implementing that statute, 28 C.F.R. 2.52(c)(2). Congress vested jurisdiction in the Commission to determine the appropriate course of action "in the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole." 18 U.S.C. 4210(b)(2) (repealed 1987). Pursuant to 18 U.S.C. 4203(a)(1), Congress delegated regulatory lawmaking power to the Commission to effectuate its administrative mission.
 
 
 10
 28 C.F.R. 2.52(c)(2) is the regulation applicable in this case and states the general rule that a parolee whose parole is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, "except as provided below." 28 C.F.R. 2.52(c). Subsection (2) is one of the exceptions provided below, and it states, in relevant part:
 
 
 11
 It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of the execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.
 
 
 12
 It is undisputed Mr. Turner was convicted of a "new offense" (concealing stolen property) "subsequent to" (in November 1987) his "release on parole" (on December 27, 1983), and that his conviction was for an offense punishable by a term of incarceration. Under 2.52(c)(2) then, "an automatic statutory penalty"[4] of "forfeiture of time from the date of such release to the date of execution of the warrant" is mandated. The "date of such release" in this case is December 27, 1983. The narrow issue presented requires us to determine "the date of execution of the warrant."
 
 
 13
 This issue is complicated by the fact that two parole violator warrants were executed in this case. The first was executed on July 8, 1987, and the second on September 22, 1992. Mr. Turner argues because he served two discrete terms of parole, the date of execution of the warrant refers to the July 1987 date. The Commission disagrees, asserting Mr. Turner served only one term of parole, that the July 1987 warrant merely "reinstated" that term of parole, and that the date of execution of the warrant refers to the September 1992 date. We agree. By conditionally "reinstating" Mr. Turner's parole, the Commission was not interposing a new term of parole, nor would it have jurisdiction to do so under 18 U.S.C. 4210(b)(2). We believe the date of execution refers to the second parole violator warrant, which was initially lodged as a detainer and formally executed in September 1992. Therefore, we find the Commission properly revoked Mr. Turner's street time credit for the period of December 27, 1983, to September 22, 1992.[5]
 
 
 14
 Mr. Turner's second and third arguments do not warrant much discussion. As for the state court's order that Mr. Turner serve his state court sentence concurrent to his federal sentence for violating parole, we sympathize with Mr. Turner's plight. Clearly, the state court judge was attempting to show some leniency to Mr. Turner, and we agree with Mr. Turner's statement that the judge "indicated a definite willingness to mitigate" his sentence. Unfortunately, under our dual sovereign system of government, the state court's order could not bind the Commission in this case, a conclusion we reached in Cotton v. United States Parole Comm'n, 992 F.2d 270 (10th Cir.1993). As a result, this claim is without merit.
 
 
 15
 Mr. Turner's final argument regarding his entitlement to three days credit street time based on an allegation that the Marshal delayed in executing the second parole violator warrant is unsupported by the record in this case. We find no evidence that his state court sentence was extended three days due to any delay in executing the warrant. Therefore, this claim must be rejected.
 
 
 16
 We find no infirmity in the Commission's handling of Mr. Turner's parole. Accordingly, we AFFIRM the district court's denial of Mr. Turner's petition for habeas corpus relief.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 "The Commission is empowered to issue a parole violator warrant whenever any parolee is alleged to have violated his parole.' " DeCuir v. United States Parole Comm'n, 800 F.2d 1021, 1023 (10th Cir.1986) (citing 18 U.S.C. 4123(a))
 
 
 [3]
 In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court held the Commission may delay the execution of a parole violator warrant until the parolee completes an intervening sentence, and may lodge the warrant as a detainer in the interim. Id. at 84, 88-89
 
 
 [4]
 We recognize the Ninth Circuit has rejected the mandatory nature of this penalty, finding 2.52(c)(2) was "an unreasonable interpretation of 4210(b)(2)." Rizzo v. Armstrong, 921 F.2d 855, 861 (9th Cir.1990) (footnote omitted). Nonetheless, Rizzo notes in its discussion that it did not agree with this aspect of our decision in Harris v. Day, 649 F.2d 755, 760 (10th Cir.1981), where we found no difficulty with the mandatory nature of the forfeiture provision of 2.52(c)(2), a position we reaffirmed in 1986. See DeCuir, 800 F.2d at 1023 ("The Commission must order forfeiture of street time whenever a parolee is convicted of a new offense punishable by a term of imprisonment."). Accordingly, and with due respect to the Ninth Circuit, we are bound to follow our prior decisions, and therefore, the Commission had no discretion not to order forfeiture
 
 
 [5]
 Mr. Turner was convicted on May 3, 1979, and sentenced to fifteen years incarceration. He was then paroled on December 27, 1983, after serving approximately four years and almost eight months
 Section 4210(b)(2) prohibits imposition of a sentence of parole which, when combined with time already served, may not exceed the maximum term relative to the offense for which the individual was paroled. See 18 U.S.C. 4210(b)(2). In that regard, the "unexpired term remaining to be served by the defendant at the time [he] was paroled" was eleven years and four plus months. See Harris, 649 F.2d at 759. Therefore, the Commission's decision to place Mr. Turner on parole from January 1993 to May 2002, a term of nine plus years, does not, when added to the four years and eight months served, violate 4210(b)(2).