USCA1 Opinion

 

 November 7, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1326  UNITED STATES, Appellee, v. DON SANDOVAL, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Don Sandoval on brief pro se. ____________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran __________________ ___________________ and Gerard B. Sullivan, Assistant United States Attorneys, on brief ___________________ for appellee. ____________________ ____________________ Per Curiam. Defendant Don Sandoval appeals from __________ the sentence the district court imposed on him following the revocation of a term of supervised release. The court sentenced defendant to both a term of imprisonment and a term of supervised release. Defendant first argues that the supervised release revocation provision, 18 U.S.C. 3583(e)(3), does not permit the imposition of a term of supervised release and a term of ___ imprisonment. We rejected this precise argument in United ______ States v. O'Neil, 11 F.3d 292 (1st Cir. 1993), and re- ______ ______ affirmed our position in United States v. LaPlante, 28 F.3d 1 _____________ ________ (1st Cir. 1994) (per curiam), cert. denied, 115 S.Ct. 910 _____________ (1995). Defendant has not presented any persuasive reasons why we should change this recent statement of the law. Defendant's second argument on appeal is that the district court violated the prohibition of the ex post facto _____________ clause by applying 3583(h) to him. This section was added in 1994. It specifically provides that when revoking a term of supervised release under subsection (e)(3), a district court may include a requirement of supervised release after imprisonment. To fall within the ex post facto prohibition, the ______________ new law "must disadvantage the offender affected by it." Miller v. Florida, 482 U.S. 423, 430 (1987) (internal ______ _______ quotations and citation omitted). Assuming the district -2- court used subsection (h), defendant was not disadvantaged. In O'Neil, we already had construed subsection (e)(3) to ______ permit what subsection (h) now grants expressly. Cf. United ___ ______ States v. Hartman, 57 F.3d 670, 671 (8th Cir. 1995) (per ______ _______ curiam) (the legislative history of subsection (h) shows that subsection(e)(3) permits both incarceration and supervised release). Based on the foregoing, the judgment of the district court is affirmed. ________ -3-