Davis v. USA                    CV-96-58-SD    03/20/97

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEW HAMPSHIRE**


Lester A. Davis, Jr.


     v.                              Civil No. 96-58-SD


United States of America



**O R D E R**


This challenge to a federal sentence, 28 U.S.C. § 2255,[1] concerns the ability of the United States Parole Commission (USPC) to require additional imprisonment for a violation of parole.

---

[1]28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

1.  Background[2]

On October 23, 1980, the movant, Lester A. Davis, Jr., entered a plea of guilty of one count of an indictment charging him with the offense of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  On December 1, 1980, he was sentenced to imprisonment for three years, to be followed by a special parole term of five years.

Released on December 14, 1982, Davis was on traditional parole to December 1, 1983, on which date his special parole was to commence.  In May 1988, however, Davis was arrested in Massachusetts, with the result that his special parole was revoked by the USPC.

The Massachusetts offenses resulted in twenty-four months of additional incarceration, of which six months were credited for Massachusetts jail time, and eighteen months were served in a federal correctional institution.  On release, Davis was given a new term of special parole, the expiration date of which was estimated at November 2, 1993.

In January 1993, Davis pled guilty to New Hampshire charges for one count of possession with intent to distribute marijuana and one count of felon in possession of a firearm.  His state

---

[2]The facts set forth in this order are gleaned from the motion and from the files and records of this case.

2

sentence, imposed on April 9, 1993, was three to seven years on one count and three to eight years on the second count, to run concurrently with each other.

On June 10, 1993, the USPC lodged a detainer with the New Hampshire State Prison. Contending that he has fully served his sentence, Davis here seeks an order releasing him from custody.

## 2. Discussion

The movant's first argument is that the USPC erred in failing to grant him good-time credits for his various periods of incarceration. This claim is without legal merit.

The courts that have considered the issue have ruled that good time earned while in federal custody does not survive revocation of parole and is not available for credit against a parole violation term. Booth v. United States, 996 F.2d 1171, 1172-73 (11th Cir. 1993); Boniface v. Carlson, 881 F.2d 669, 671-72 (9th Cir. 1989); Miller v. Hadden, 811 F.2d 743, 744-46 (2d Cir. 1987). The same rule applies to "street time" credits, La Chance v. Reno, 13 F.3d 586, 588-89 (2d Cir.), cert. denied, 512 U.S. 1222 (1994), and to good-time credits earned while in state custody. Cotton v. United States Parole Commission, 992 F.2d 270, 271 (10th Cir. 1993).

The second claim advanced by Davis, relying on Artuso v.

3

<u>Hall</u>, 73 F.3d 68 (5th Cir. 1996), is that the USPC erred in imposing a second term of special parole following revocation of the initial term of special parole.  This claim must also fail because the ruling of <u>Artuso</u> is in direct conflict with the law of this circuit.  <u>See</u> <u>United States v. O'Neil</u>, 11 F.3d 292 (1st Cir. 1993), <u>and</u> <u>United States v. La Plante</u>, 28 F.3d 1 (1st Cir. 1994), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 910 (1995).  As a district judge must follow the law of his own circuit, the <u>Artuso</u> case is not here relevant or persuasive authority.

## 2.  Conclusion

As the motion, files, and records of the case conclusively demonstrate that Lester A. Davis, Jr., is not entitled to the relief sought, his motion must be and it is herewith denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

March 20, 1997

cc:   Lester A. Davis, Jr.
      United States Attorney
      United States Marshal
      United States Probation

4