**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT EDWARD KOZELSKI,

      Petitioner-Appellant,

v.

WARDEN BOOKER,

      Respondent-Appellee.

No. 97-1426
(D.C. No. 97-M-1099)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Robert Kozelski is a federal prisoner. Acting *pro se*, he sought a writ

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of habeas corpus in the district court pursuant to 28 U.S.C. § 2241, arguing the United States Parole Commission's denial of credit for time he spent on parole after he was returned to prison for various violations of his parole conditions raises issues of due process and double jeopardy. Finding Mr. Kozelski's claims unsupportable, the district court denied his application and dismissed his case on October 31, 1997.

On December 4, 1997, pursuant to 28 U.S.C. § 1915(a)(3), the district court denied Mr. Kozelski's motion to proceed on appeal without paying this court's filing fee because the appeal was not taken in good faith. Pursuant to Federal Rule of Appellate Procedure 24(a), Mr. Kozelski now asks this court to grant him leave to file his appeal *in forma pauperis*.

After carefully reviewing the record, we find the district court properly denied Mr. Kozelski's application for a writ of habeas corpus.[1] Furthermore, we

---

[1] First, the United States Parole Commission's actions did not deny Mr. Kozelski his due process rights. The Commission's revocation of credit for the time he spent on parole was authorized by 18 U.S.C. § 4210(b)(2) and 28 C.F.R. § 2.52(c)(2). *See DeCuir v. United States Parole Comm'n*, 800 F.2d 1021, 1023 (10th Cir. 1986) ("The Commission must order forfeiture of street time whenever a parolee is convicted of a new offense punishable by a term of imprisonment."); *Harris v. Day*, 649 F.2d 755, 758-60 (10th Cir. 1981) ("the parolee who has been convicted of a new crime automatically forfeits the time he spent on parole"). The Ninth Circuit, whose laws apply because Mr. Kozelski was in California

agree that this appeal was not taken in good faith. Therefore, pursuant to

§ 1915(a)(3) and Rule 24, we **DENY** Mr. Kozelski leave to proceed *in forma*

*pauperis* and **DISMISS** his appeal.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge

---

during the relevant time period, has ruled that the decision to revoke credit for the time spent on parole falls within the discretion of the Commission. *See Rizzo v. Armstrong*, 921 F.2d 855, 861 (9th Cir. 1990). In revoking Mr. Kozelski's street time after providing a parole revocation hearing, the Commission acted well within its authority and discretion. Furthermore, the regulations provide the Commission with discretion to delay executing a warrant or summons after a violation is reported. 28 C.F.R. § 2.44(b). Therefore, the Commission did not forfeit its authority to issue a warrant and revoke credit for the time Mr. Kozelski spent on parole simply, as he argues, because it first tried to resolve the problem by modifying the terms of his parole.

Second, parole determinations are not considered criminal punishment for purposes of double jeopardy analysis, *see Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994), so Mr. Kozelski's double jeopardy argument lacks merit.