Wight v. USA                    CV-98-702-SD  01/04/99

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Phillip A. Wight

          v.                          Civil No. 98-702-SD

United States of America


                        O R D E R


     Brandishing the "ex post facto" flag of alleged

constitutional violation,[1] Phillip Wight seeks correction of a

federal sentence pursuant to 28 U.S.C. § 2255.[2]  However, as the

relevant legal breeze will not keep that flag flying, his claim

must be rejected.

_____

     [1]The ex post facto clause, art. I, § 10, of the
Constitution, "prohibits not only the retroactive creation of new
criminal offenses and more harsh penalties, but also substantial
changes in procedure that are designed to protect the defendant
from a wrongful conviction."  Collins v. Youngblood, 497 U.S. 37,
52 (1990) (Stevens, J., concurring in judgment).

     [2]28 U.S.C. § 2255 provides in pertinent part:

          A prisoner in custody under sentence of a court
          established by Act of Congress claiming the right
          to be released upon the ground that the sentence
          was imposed in violation of the Constitution or
          laws of the United States, or that the court was
          without jurisdiction to impose such sentence, or
          that the sentence was in excess of the maximum
          authorized by law, or is otherwise subject to
          collateral attack, may move the court which
          imposed the sentence to vacate, set aside or
          correct the sentence.

## 1. Background

Following jury trial, Wight was found guilty of certain drug and firearm offenses.[3] He was sentenced on October 8, 1991, to serve a sentence of 15 months on the drug offenses plus 5 years consecutive on the firearms offense. Additionally, he was placed on supervised release for a period of 48 months.

Wight's conviction was affirmed on direct appeal. United States v. Wight, 968 F.2d 1393 (1st Cir. 1992). Released from custody on August 18, 1995, he came again before this court on May 5, 1998, charged with violation of the conditions of his supervised release.[4] He was sentenced to an additional 9 months of imprisonment plus 24 months of supervised release.

---

[3]Conspiring to distribute marijuana in violation of 21 U.S.C. § 846; possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

[4]The special and standard conditions of supervised release which the court found movant to have violated included his failure to participate in a program approved by his probation officer for treatment of narcotic addiction or drug or alcohol dependency; failure to answer truthfully all inquiries of his probation officer and follow the instructions of said probation officer (two charges); association with persons engaged in criminal activity and persons convicted of a felony absent permission by the probation officer (three charges); and violation of the law (hindering the apprehension of a wanted person in violation of a state statute).

Wight here claims that the court erred in its imposition of the additional period of supervised release, as the statute in effect at the time of his original 1991 sentence did not authorize such punishment.[5]

## 2. Discussion

Wight points out that as of the time of his original 1991 sentence, the only applicable statute was 18 U.S.C. § 3583(e)(3), which provides, in relevant part:

> The court may . . . (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

Wight correctly points out that a majority of the circuit courts of appeals have taken a narrow view of this section of the statute, holding that it did not permit imposition of a new term of supervised release following revocation of the originally imposed term of supervised release. However, the First Circuit, whose rulings govern the court in the District of New Hampshire,

---

[5]Wight mistakenly believes that 18 U.S.C. § 3583(h), which was enacted in 1994, and which expressly authorizes imposition of an additional term of supervised release upon revocation of the original term of supervised release, is the only section authorizing such sentence in this district.

has taken the opposite view, <u>United States v. O'Neil</u>, 11 F.3d 292, 302 (1st Cir. 1993), followed in <u>United States v. LaPlante</u>, 28 F.3d 1 (1st Cir. 1994) (per curiam), <u>cert. denied</u>, 513 U.S. 1115 (1995), and has held that such imposition of a new term of supervised release is authorized by the statute. It follows that the motion herein must be denied.

## 3. Conclusion

As the motion, files, and records of the case conclusively show that Wight is entitled to no relief, his motion is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 4, 1999

cc: Phillip A. Wight, pro se
    United States Attorney
    United States Marshal
    United States Probation