**Michael Darryl ELLICK,**
**Plaintiff–Appellant,**

v.

**Edward PEREZ, Warden,**
**Defendant–Appellee.**

No. 00–6333.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, NORRIS, and MOORE,
Circuit Judges.

*ORDER*

Michael Darryl Ellick, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ellick filed this habeas corpus petition alleging that the United States Parole Commission violated his due process rights when the Commission automatically relied on a state drug conviction to forfeit his "street time." The district court dismissed the petition as meritless.

After his motion for reconsideration under Fed.R.Civ.P. 59 was denied, Ellick filed this timely appeal arguing that the district court erred in finding that the forfeiture of his street time was proper. He further asserts that the forfeiture was barred by the Double Jeopardy Clause.

This court reviews de novo a district court judgment dismissing a § 2241 habeas corpus petition. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Ellick asserts that the Parole Board waived its right to forfeit his street time when they placed him in home incarceration for ninety days. Our review is limited to the question of whether a rational basis exists for the Commission's decision. *See Hackett v. United States Parole Comm'n,* 851 F.2d 127, 129–30 (6th Cir. 1987). Because Ellick was convicted by a state court of a drug offense, the Commission properly denied Ellick credit for the time he spent while on parole. *See Munguia v. United States Parole Comm'n,* 871 F.2d 517, 521 (5th Cir.1989); *DeCuir v. United States Parole Comm'n,* 800 F.2d 1021, 1023 (10th Cir.1986); *Harris v. Day,* 649 F.2d 755, 758–60 (10th Cir.1981).

Ellick also contends that the forfeiture of the street time violated the Double Jeopardy Clause. However, parole determinations are not considered criminal punishment for the purposes of the Double Jeopardy Clause. *See Kell v. United States Parole Comm'n,* 26 F.3d 1016, 1020 (10th Cir.1994). The argument is meritless.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.