**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAY 18 2005**

**PATRICK FISHER**
**Clerk**

NATHANIEL WAYNE BUCHANAN, JR.,

   Petitioner - Appellant,

v.

UNITED STATES BUREAU OF PRISONS; N. L. CONNOR, Warden,

   Respondents - Appellees.

No. 04-3497

(D.C. No. 03-CV-3086-RDR)

(D. Kansas)

---

### ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Petitioner Nathaniel W. Buchanan appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. His petition seeks credit on his federal sentence for time served in a state facility on a state

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence. For substantially the same reasons set forth by the district court, we affirm.

Petitioner, convicted of bank robbery in the United States District Court for the Middle District of Tennessee, was sentenced November 29, 1979, to two concurrent 20-year sentences. After he had served three years, the United States Parole Commission (the Commission) decided to grant him parole. Because of a detainer submitted by Tennessee, however, he was paroled to the custody of that state's Department of Corrections on August 17, 1982, and he served a state prison sentence until June 6, 1986 (approximately 46 months), when he was released subject to both federal and state parole supervision. Under the Commission's regulations Petitioner's time in state custody was given the same parole credit as if he had been released from incarceration. *See* 28 C.F.R. §§ 2.32 (parole to detainers), 2.52 (revocation of parole).

On August 3, 1989, the Commission revoked Petitioner's parole for violating the conditions of parole by driving with a suspended license, which resulted in two days of jail time. As a result, none of the time already spent on parole, including the time in state custody, was credited against his sentence. *See* 28 C.F.R. § 2.52(c)(2). Petitioner was paroled a second time on August 29, 1989, but he again violated the terms of his parole, and it was revoked after a hearing

on March 10, 1993. He has been imprisoned ever since, and the Commission has determined to hold Petitioner until the expiration of his sentence.

On March 8, 2002, Petitioner filed an appeal with the Commission's National Appeals Board, arguing that the Commission had waived jurisdiction over him when it paroled him to the Tennessee state detainer in 1982. The Board denied the appeal. Petitioner also sought administrative relief through the Bureau of Prisons, contending in an August 20, 2002, complaint that his sentence computation was incorrect because he had not been given credit on his federal sentence for the 46 months he served in state custody. This claim was rejected.

On February 18, 2003, Petitioner filed a § 2241 petition in the United States District Court for the District of Kansas. He argued that under 18 U.S.C. § 3585(b) he was entitled to credit against his federal sentence for the time served in state custody. The petition also sought credit for 15 days' confinement in county jail awaiting transfer to federal prison and an unspecified 160 days that he alleged should be credited to his sentence. The district court denied the petition, concluding that Petitioner failed to exhaust his administrative remedies as to the 160 days, that the 15 days in county jail had in fact been credited against his sentence, and that Petitioner was not entitled to credit against a federal sentence for time served in state custody.

Petitioner appeals, arguing that he is entitled to credit for the time spent in state custody and that the district court failed to liberally construe his pro se petition and consequently erred in its exhaustion ruling. We exercise jurisdiction under 18 U.S.C § 2253(a) and affirm.

Petitioner's principal claim is that he is entitled to 46 months' credit on his federal sentence for the time served in state custody. This claim is without merit. *See Weeks v. Quinlan*, 838 F.2d 41, 45-47 (2d Cir. 1988); *Garafola v. Wilkinson*, 721 F.2d 420, 426 (3d Cir. 1983). Because Petitioner's parole revocation was based on conviction of a new offense punishable by imprisonment, the Commission was required to order forfeiture of all prior time spent on parole, including the time in state prison. *See DeCuir v. United States Parole Com'n*, 800 F.2d 1021, 1023 (10th Cir. 1986).

We also agree with the district court that Petitioner failed to exhaust administrative remedies as to the unspecified claim for 160 days' credit. Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam); *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973). Although Petitioner pursued administrative remedies in his claim for credit for the 46 months, none of his filings make any mention of the 160 days, even if we construe his pro se pleadings liberally.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge