**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIE RAY TAYLOR,

Defendant - Appellant.

No. 08-7009

(E.D. Oklahoma)

(D.C. No. CR-78-29-03-FHS)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, defendant and appellant Willie Ray Taylor appeals the denial of his "Motion for Nunc Pro Tunc Order and Amended Judgment." We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

On May 10, 1978, Taylor was found guilty, following a jury trial, of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and sentenced to twenty-one years' imprisonment. His conviction and sentence were affirmed on direct appeal. United States v. Taylor, 605 F.2d 1177 (10th Cir. 1979).

On July 13, 2001, Taylor was released on parole.[1] On August 7, 2002, the United States Parole Commission issued a warrant for Taylor's arrest, after he was charged by the State of Oklahoma with the felony crime of first-degree arson. On April 21, 2003, Taylor pled *nolo contendere* to that charge and was sentenced to four years in the custody of the State of Oklahoma Department of Corrections. The Oklahoma court's judgment and sentence stated that it was to be "served CONCURRENTLY WITH: Federal probation revocation." R. Vol. I. On August 16, 2006, following completion of his state sentence, Taylor was transferred to federal custody to serve his term for violating his parole from the 1978 sentence.

On December 6, 2007, Taylor filed a Motion for Nunc Pro Tunc Order and Amended Judgment, asking the district court to order the Federal Bureau of

---

[1]"Because [Taylor] was originally sentenced in 197[8], his period of incarceration is governed by the federal parole system that predated the Sentencing Guideline regime adopted by the Sentencing Reform Act of 1984." Gometz v. United States Parole Comm'n, 294 F.3d 1256, 1259 (10th Cir. 2002).

Prisons to credit his state time served for arson against his federal sentence. The district court denied his motion, and Taylor has timely appealed.

Taylor argues that, based upon the Oklahoma state court's statement that his state term of imprisonment should be served "concurrently" with his federal term, the federal district court should re-sentence him to reflect his belief that he has already served enough prison time and should be immediately released. As the government points out, this argument fails for multiple reasons.

**DISCUSSION**

**I. The District Court Lacked Jurisdiction Over Motion:**

We review de novo a district court's determination as to its jurisdiction. United States v. Roberts, 181 F.3d 1125, 1129 (10th Cir. 1999). We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Taylor's sentence was affirmed on appeal in 1979 and therefore the time had long expired for a petition under 28 U.S.C. § 2255. Accordingly, the district court considered whether Taylor might be entitled to relief under 18 U.S.C. § 3582.

Section 3582(c) provided that a "court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances: (1) "[u]pon motion of the Director of the Bureau of Prisons, [a court] may reduce the term of imprisonment . . . if it finds" special circumstances exist," 18 U.S.C. § 3502(c)(1)(A)(I) or (ii); (2) a court may modify a sentence if such modification is "otherwise expressly permitted by the statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3502(c)(1)(B); and (3) a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," 18 U.S.C. § 3582(c)(2). Taylor has presented no evidence or argument that any of these circumstances is present. The district court therefore correctly ruled that it lacked jurisdiction to modify Taylor's 1978 sentence.

**II. Failure to Exhaust Administrative Remedies:**

Taylor is challenging a decision of the United States Parole Commission. The government points out that he has failed to exhaust administrative procedures for federal parolees. Any decision by the United States Parole Commission is appealable to the National Appeals Board. See 18 U.S.C. § 4215. Taylor has not demonstrated that he exhausted those remedies.

**III.  Oklahoma Lacks Authority to Bind Parole Commission:**

Taylor is asking us to enforce an Oklahoma state court's recommendation that Taylor's state sentence run concurrently with his federal sentence following the revocation of his parole.  "Unfortunately, under our dual sovereign system of government, the state court's order could not bind the Commission."  Turner v. United States Parole Comm'n, 39 F.3d 1193 (10th Cir. 1994).  As we have stated previously, "the Parole Commission is an independent entity that is not bound by a state judgment in which it did not participate."  Cotton v. United States Parole Comm'n, 992 F.2d 270, 271 (10th Cir. 1993).

**IV.  Parole Commission Regulations Prohibit Crediting Time Served in State Custody:**

Pursuant to 18 U.S. C. § 4203(a)(1), Congress has delegated regulatory power to the United States Parole Commission.  The Commission has implemented regulations preventing the very relief Taylor seeks:

> It is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of the execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.

28 C.F.R. § 2.52(c)(2).  The Commission's decision not to credit Taylor with the time served in state prison is consistent with that regulation.  "We will not disturb

a decision by the Parole Commission 'unless there is a clear showing of arbitrary and capricious action or an abuse of discretion.'" Gometz, 294 F.3d at 1260 (quoting Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir. 1983)). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Id. (further quotations omitted). There is certainly a rational basis for the Commission's decision to not credit Taylor's state sentence against his federal sentence.

## CONCLUSION

For the foregoing reasons, the district court's denial of Taylor's motion is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge