Juan Carlos YSABEL, Petitioner,

v.

Carolyn SABOL, Respondent.

Civil Action No. 08–40144–NMG.

United States District Court,
D. Massachusetts.

Aug. 7, 2009.

Anton P. Giedt, United States Attorney's Office, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

On July 17, 2008, Juan Carlos Ysabel ("Ysabel"), an inmate at the Federal Medical Center Devens ("FMC Devens") in Massachusetts, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the determination by the Federal Bureau of Prisons ("BOP") that his federal sentence should not run concurrently with the time he had already served for a state court offense in New Jersey. Respondent Carolyn Sabol, the warden of FMS Devens, has filed a motion to dismiss that petition which is currently pending before the Court.

## I. *Background*

On November 12, 2003, the United States District Court for the District of New Jersey sentenced Ysabel to a 60-month federal term of imprisonment after he pled guilty to conspiracy to distribute narcotics. He was released on bail and ordered to surrender to a designated institution on January 12, 2004.[1]

On December 17, 2003, before he began serving his sentence, state authorities in New Jersey arrested Ysabel and he later pled guilty to possession with intent to distribute a controlled dangerous substance in a school zone. He served a state sentence for that offense from the date of his arrest until October 14, 2005, at which time he was transferred to the custody of the United States Marshals to begin serving his federal sentence.

The BOP has sole responsibility for "designating" the institution in which a person sentenced in federal district court will be imprisoned. *See* 18 U.S.C. § 3621(b). In January, 2007, Ysabel requested that the BOP grant him a "*nunc pro tunc* designation" of the New Jersey institution in which he had previously been incarcerated. He was, in effect, requesting that the BOP administer his state and federal sentences concurrently and, thus, retroactively apply the time he served in state custody toward the service of his federal sentence.

The BOP submitted a letter to the federal sentencing court soliciting its guidance (within 60 days pursuant to the requirements of the BOP Program Statement) on the requested designation. Although the court did not submit a timely response, the BOP received a letter from the prosecutor recommending against the retroactive designation. On July 26,

---

**1.** It is unclear to this Court why, in light of 18 U.S.C. §§ 3143(a) and 3145, Ysabel was re-leased on bail at all after his federal sentence was imposed.

2007, the BOP determined that a *nunc pro tunc* retroactive designation was unwarranted. About six months later, it received a letter from the sentencing court in favor of the designation "out of deference to the apparent wishes of the state court" (without further explanation). Thus, on September 24, 2008, the BOP reconsidered but ultimately affirmed its original determination to deny a retroactive concurrent designation.

## II. *Analysis*

### A. Legal Standard

■ Pursuant to 28 U.S.C. § 2241, a federal district court may entertain a petition for a writ of habeas corpus filed by a prisoner who is held in federal custody within in its jurisdiction. Such a petition may be used to challenge the execution of the prisoner's sentence. *See Muniz v. Sabol*, 517 F.3d 29, 33–34 (1st Cir.2008).

■ A federal sentence is deemed to have commenced on the date a defendant is received into federal custody, which for Ysabel was October 14, 2005. *See* 18 U.S.C. § 3585(a). Time Ysabel served in state custody after that date may be credited *nunc pro tunc* (i.e., may be deemed to have run concurrently against his federal sentence) if the BOP chooses to designate the state institution for service of that federal sentence. *See Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir.1990).

The BOP is authorized to designate the place of a prisoner's incarceration and hence to decide whether to grant *nunc pro tunc* designations of state institutions. *See* 18 U.S.C. § 3621(b); *Barden*, 921 F.2d at 482. In making a designation, the BOP must consider:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The BOP has adopted Program Statement 5160.03 which provides that a designation of a state institution for concurrent service of a federal sentence shall be made "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."

■ Judicial review of the BOP's decision to grant a *nunc pro tunc* designation of a state facility for service of a federal sentence is limited to abuse of discretion. *See, e.g., Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir.2007); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir.2002) (citing cases), *cert. denied sub nom. Taylor v. Hawk Sawyer*, 537 U.S. 1119, 123 S.Ct. 889, 154 L.Ed.2d 799 (2003).

### B. Application

In consideration of the factors set forth in 18 U.S.C. § 3621(b) after having received a response from the court which sentenced Ysabel, the BOP determined that: 1) Ysabel was housed at FMC Devens beginning on March 9, 2006, 2) he received a 60–month sentence for conspiring to distribute 291.5 grams of heroin, 3) he had a significant criminal history, including prior rehabilitation program enrollment (the details of which have not been provided to this Court), 4) the state

court was in favor of the *nunc pro tunc* designation and 5) no pertinent Sentencing Commission policy statement was applicable. Purportedly based upon the second, third and fourth factors, the BOP denied Ysabel's request for a *nunc pro tunc* designation.

■■■ The BOP rightfully disregarded the first § 3621(b) factor because it is neutral here in light of the fact that there is no indication that the resources available to Ysabel have been lacking in any way. The second factor weighs against a *nunc pro tunc* designation because Ysabel is serving time for conspiring to commit a serious drug offense involving a very large quantity of a Schedule I drug.

■■ With respect to the third factor, it is difficult for this Court to evaluate Ysabel's criminal history because that information has not been made available to it. If it is "significant," as the BOP has described, it would weigh against a *nunc pro tunc* designation because criminals with longer histories often receive harsher sentences. *See, e.g.,* U.S. Sentencing Guidelines Manual § 4A1.1 (increasing the sentencing guideline range based upon a defendant's prior criminal history). Also relevant to that determination is the fact that Ysabel committed another drug-related crime during the intervening two-month period between when he was sentenced and when he was scheduled to surrender to commence service for the federal offense.

■■ It is self-evident that the BOP discounted the fourth factor in denying Ysabel's request (despite its purported reliance on that factor) because the sentencing

court favored a *nunc pro tunc* designation. The BOP's failure to follow the sentencing court's recommendation was not, however, an abuse of discretion because such recommendations are not binding. *United States v. Taylor,* 279 Fed.Appx. 603, 605–06 (10th Cir.2008); *Fegans,* 506 F.3d at 1104; *United States v. Pineyro,* 112 F.3d 43, 45 (2d Cir.1997). It is particularly relevant that such recommendations are not binding in this case where the sentencing court based its opinion not on its own analysis but on the purported "wishes" of another court.

It would make more sense if the BOP had, in fact, relied upon the fifth factor instead of the fourth. In the memorandum supporting her motion to dismiss, the respondent suggests that U.S. Sentencing Guidelines Manual § 5G1.3(a), although not strictly applicable to Ysabel, indicates a preference for sentences to run consecutively where a defendant commits one crime distinct from another for which a sentence has already been imposed.[2] Indeed, the BOP correctly implies that if § 5G1.3(a) did apply, it would require that Ysabel's federal sentence be served consecutively to his state court sentence.

Although the Court finds the respondent's analysis persuasive, it notes that Ysabel's case is, in fact, subject to subsection (c) of § 5G1.3 which applies where neither subsection (a) nor subsection (b) (applicable to multiple sentences based upon the same conduct, not this case) applies. Section 5G1.3(c) states that a sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punish-

---

**2.** U.S. Sentencing Guidelines Manual § 5G1.3(a) does not strictly apply to Ysabel because it applies when a defendant commits a federal offense while serving, or after having been sentenced for but before service of,

another term of imprisonment. Rather, Ysabel committed a state law offense after being sentenced for but before service of a federal offense.

ment for the instant offense." In light of subsection (a), a consecutive sentence is eminently reasonable punishment here. That notion is further supported by 18 U.S.C. § 3584(a) which mandates that "multiple terms of imprisonment imposed at different times run consecutively" unless a court orders otherwise.

■ Notwithstanding the absence of details with respect to Ysabel's criminal history and despite the BOP's purported reliance on an unaccepted recommendation, there is sufficient persuasive evidence for this Court to conclude that the BOP did not abuse its discretion in denying Ysabel's request for a *nunc pro tunc* designation. His flagrant disregard for the law in committing a serious drug offense in New Jersey while awaiting service of his sentence on an even more serious federal drug offense, together with the preference for consecutive sentences in such situations pursuant to U.S. Sentencing Guidelines Manual § 5G1.3, fully support the BOP's decision. Indeed, in this case, the goals of the criminal justice system will only be met if Ysabel is required to serve his state and federal sentences consecutively.

### ORDER

In accordance with the foregoing, the respondent's motion to dismiss (Docket No. 7) is **ALLOWED.**

**So ordered.**